UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROGER  PRINGLE,  )
)
Petitioner,  )
)
vs.  )          No. 1:17-cv-03530-RLY-DML
)
SUPERINTENDENT,  )
)
Respondent.  )

**Entry Denying Petition for a Writ of Habeas Corpus, Denying Motion to Stay,
and Denying a Certificate of Appealability**

Petitioner Roger Pringle was convicted of burglary in an Indiana state court in 2012. He

is currently serving an 18-year sentence for this crime. On October 3, 2017, Mr. Pringle filed his

petition for writ of habeas corpus. The respondent filed his return on November 20, 2017. Mr.

Pringle filed an amended petition on December 12, 2017, along with a motion to stay.

For the reasons explained in this Entry, Mr. Pringle's petition for a writ of habeas corpus

is **denied** and the action is dismissed without prejudice. In addition, the Court finds that a

certificate of appealability should not issue.

## I. Procedural History

On September 22, 2011, the State charged Mr. Pringle with theft, a Class D felony. Dkt.

16-1, at 1.  On November 23, 2011, the State amended the charging information to include

burglary, a Class B felony. *Id.* at 3. On February 17, 2012, the State amended the charging

information to add a habitual offender count. *Id.* at 4. On March 5, 2012, Mr. Pringle agreed to

plead guilty to burglary, a Class B felony, and the State agreed to dismiss the remaining charges.

*on The back* →                                                                      1

prosecution's plea agreement was fraudulent; 4) his due process rights were violated when he was denied an initial hearing on each of the charges; and 5) he was not informed of his right to appeal after he was sentenced.

"[A] state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts." *Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). The exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Id.* When a claim is not exhausted and state court remedies remain available, the federal court generally "must . . . dismiss his habeas petition without prejudice so that the petitioner may return to state court in order to litigate the claim." *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004) (citing *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Rose v. Lundy,* 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(1)(A)).

Here, the record shows that none of Mr. Pringle's habeas claims have been presented to a state appellate court. Mr. Pringle filed a post-conviction petition in 03D01-1211-PC-006033 but he moved to withdraw that petition. The post-conviction petition was dismissed without prejudice on October 5, 2017. Dkt. 16-12, p. 4. Therefore, Mr. Pringle has not exhausted his state court remedies.

A petitioner may nevertheless obtain federal habeas review when he has not exhausted his state remedies if either (1) no state corrective process is available to address his claims, or (2) circumstances exist that render such process ineffective to protect his rights. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 349 n.1 (1989); *Cruz v. Warden*, 907 F.2d 665, 668 (7th Cir. 1990). In other words, a petitioner may be able to bypass state remedies if those remedies are not available or meaningful. Mr. Pringle does not address the respondent's

2

*Id.* On April 4, 2012, Mr. Pringle was sentenced to 18 years in the Department of Correction. *Id.* at 5. On June 4, 2012, Mr. Pringle filed a *pro se* motion for a transcript of his guilty plea hearing and record of proceedings. *Id.* His motion was denied because there was no action pending before the court requiring the record. *Id.* On July 23, 2012, Mr. Pringle filed a *pro se* motion for modification of sentence, which was denied on July 31, 2012. *Id.* On November 26, 2012, Mr. Pringle filed a *pro se* petition for post-conviction relief in the trial court ("PCR Court"), No. 03D01-1211-PC-006033. Dkt. 16-12.

On September 15, 2014, Mr. Pringle, by counsel, filed in the trial court a motion to file a belated notice of appeal. Dkt. 16-1, at 6. On February 3, 2015, the motion for permission to file a belated notice of appeal was denied. Dkt. 16-1, at 7.

On February 27, 2015, Mr. Pringle, by counsel, appealed the denial of his motion for permission to file a belated appeal of his sentence. Dkt. 16-1, at 7; dkt. 16-3. His appeal was denied. Dkt. 16-6.

On September 8, 2017, in the PCR Court, Mr. Pringle filed a motion to withdraw his post-conviction petition without prejudice. Dkt. 16-12, at 3. On October 5, 2017, the PCR Court granted Mr. Pringle's motion to withdraw his PCR petition without prejudice. *Id.* at 4.

## II. Discussion

On October 3, 2017, Mr. Pringle filed this habeas action. In the return filed on November 20, 2017, the respondent argues that his action should be dismissed without prejudice because Mr. Pringle has not exhausted his state court remedies. On December 12, 2017, Mr. Pringle filed an amended petition. In his amended petition, the Court discerns his claims as the following: 1) ineffective assistance of counsel; 2) he was subjected to double jeopardy and/or successive prosecution when he was charged with theft and burglary for the same offense; 3) the

contention that his claims have not been exhausted, much less presented any argument that his state remedies are not meaningful.

A habeas petitioner may also overcome his failure to exhaust if there has been an inordinate and unjustified delay in the state court proceedings. *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993). But such excessive delay does not amount to exhaustion of state remedies if the delay is attributable to the petitioner. *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992). Here, there was no excessive delay, and it was Mr. Pringle who moved to withdraw his PCR petition.

Mr. Pringle has failed to exhaust his state court remedies and he has shown no basis on which his failure to exhaust should be excused.

### III.  Conclusion

For the reasons explained above, Mr. Pringle's petition must be dismissed without prejudice.

His motion for stay of proceedings, dkt. [20], is **denied** because the substance of his motion does not seek a stay, but rather asks the Court to rule on the merits of his habeas petition without addressing the issue of exhaustion. Judgment consistent with this Entry shall now issue.

### IV.  Certificate of Appealability

Rule 11(a) of the *Rules Governing § 2254 Cases* requires the district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and "[i]f the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Mr. Pringle has failed to make this showing, and therefore a certificate of appealability is **denied.**

The Court takes judicial notice that Mr. Pringle has been transferred to Pendleton Correctional Facility. The **clerk is requested to modify the docket** accordingly.

**IT IS SO ORDERED.**

Date:    4/16/2018

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

ROGER PRINGLE
199010
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN   46064-9001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROGER  PRINGLE,                              )
                                             )
                    Petitioner,              )
                                             )
         vs.                                 )         No. 1:17-cv-03530-RLY-DML
                                             )
SUPERINTENDENT,                              )
                                             )
                    Respondent.              )

**FINAL JUDGMENT**

The Court having this day directed the entry of final judgment, the Court now enters

FINAL JUDGMENT in favor of the respondent and against the petitioner, Roger Pringle.

Mr. Pringle's petition for writ of habeas corpus is **denied** and the action is **dismissed**

**without prejudice**.

Date:  _____4/16/2018_____

Laura Briggs, Clerk of Court

                                        _____
                                        RICHARD L. YOUNG, JUDGE
                                        United States District Court
                                        Southern District of Indiana
By:  _Dina M. Dafe_
        Deputy Clerk

Distribution:

Electronically registered counsel

ROGER  PRINGLE
199010
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN   46064-9001

Mail Box Rule

6

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MADISON CIRCUIT COURT 3 |
| | ) SS: | |
| COUNTY OF MADISON | ) | CAUSE NO. 48C03-1803-MI-180 |

| | |
|---|---|
| ROGER PRINGLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

## MOTION TO TRANSFER TO COURT OF CONVICTION

Respondent Superintendent of the Pendleton Correctional Facility, Dushan Zatecky, by counsel, Christine P. Wolfe, Deputy Attorney General, moves the court, pursuant to Indiana Post-Conviction Rule 1, § 1(c), to transfer this action to the Bartholomew Superior Court 1, Cause No. 03D01-1109-FD-005086, for the reasons that:

1. On April 4, 2012, Petitioner Roger Pringle was sentenced to seventeen years, eleven months, and thirty days for robbery, by the Bartholomew Superior Court under Cause No. 03D01-1109-FD-005086. *See* http://www.in.gov/apps/indcorrection/ofs/ofs?lname=pringle &fname=roger&search1.x=0&search1.y=0 (last visited April 17, 2018).

2. On March 19, 2018, Petitioner filed a Verified Petition for Writ of Habeas Corpus in regard to the above conviction. However, the allegations of the Petition make clear that this matter is properly considered a motion for post-conviction relief.

3. Indiana Post-Conviction Rule 1, § 1(c), provides:

> This Rule does not suspend the writ of habeas corpus, but if a person applies for a writ of habeas corpus in the county where the person is incarcerated and challenges the validity of his conviction or sentence, that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for relief under this Rule.

STATE OF INDIANA        )           IN THE _CIRCUIT_____COURT
                              ) SS:
COUNTY OF MADISON      )


Roger Pringle,               )
       Plaintiff,         )        Cause No. 48C03-1803-MI-000180
                        )
      vs.                 )        Cause no. 03D01-1109-FD-05086
                        )
Dushan Zatecky,          )
       Respondent,    )

## VERIFIED PETITION FOR WRIT OF HABEAS CORPUS

Comes now Petitioner, Roger Pringle, pro se, pursuant to Indiana Code §34-25-5-2-1, and

respectfully petition this Honorable Court to issue a Writ of Habeas Corpus as follows:

   1)  The Petitioner is a citizen of the State of Indiana confined at Pendleton Correctional

   Facility 4490 W. Reformatory Road, Pendleton, IN 46064.

   2)  The Petitioner is  unlawfully restrained of his liberty by the Superintendent of the above

   mentioned facility (Warden/ Superintendent Dushan Zatecky)

   3)  That the Petitioner alleges that because of the following allegations he believes he has

   unlawfully restrained his liberties

       3a. …Fail to conduct a probable cause hearing in count #2 {Due process} Siva v.

       Pulaski county.17 F.3d 185.190-91(7th cir 1994)17 day's detention without initial

       appearance valid because defendant indicted…Due process of law…Petitioner

       was 102 days without initial hearing…I.C 34-3-2-1 Provides) Every court of this

       state shall take  judicial notice of the common law and statues of every

       state,territory and other jurisdiction of the united states.

3b. ..Failure to conduct a probable cause Hearing in count#3(Due process)..Alike v.

Irving.330 F.3d 802 (6th cir 2003)(challenge to warrantless detention for seventy-

two hours without a probable cause hearing...kazubowski v. kazubowski.45 ill.2d

405,259 N.E.2d 282,290…phrase means that no person shall be deprived of

life,liberty,property or of any right granted him by statute. Petitioner was 34 day's

without probable caus hearing or initial hearing…see Exhit#9.

3c. Fail to conduct a probable cause hearing in count#3(Habitual offender)As a

separate charge(Due process)U.S. v. smith..D.C.Iowa, 249 F.supp.515,

516.Fundamental requisite of 'due process's the opportunity to be heard, to be

aware that a matter is pending..due process(and civil procdure.title 28 of the

United states code…Law book.

3d. .Double  Jeopardy) in count#2 Burglary) Harry Block burger v. United states of a

America[76 L Ed 306](284 US 299-305.)(3)Each of the offenses crated requires

proof of a different element..the applicable rule is that where the same act or

transaction constitutes a violation of two distinct statutory provisions, the test to

be applied to determine whether there are two offenses or only one.; is whether

each provision requires proof of an additional fact which the other does

not..Caviars v. United states..220 U.S.338;342;55 L ed.489,490,31 S.ct.421, and

authorities cited..In that case this court quoted from and adopted the language of

the supreme court of Massachusetts in Morey v. Com.108 Mass.433; "A single

act may be an offense against two statutes; and if each statute requires proof of  an

additional fact which the other does not, an acquittal or conviction under either

statute does  not exempt the defendant from prosecution and punishment under

the other..Compare Albrecht v. United States,273 U.S. 1,11,12,71 L

ed.505,510,511,47 S ct.250,and cases there cited. Applying the test, we must

conclude that here, although both sections were violated by the one sale, two

offenses were committed…see Exhibit#7 page#3..

3e. Duress of a threat)(The trial Judge threatened the petitioner that he would get 53

year's in prison if he did not accept the states plea-

agreement…    notes….Restatement second§175(1)duress must leave 'the

victim no reasonable alternative..And see..First Restatement§492(b)('precludes

him from exercising his free will and judgment').Restatement second§177('a

party…who by virtue of the relation between them is justified in assuming

that(the other) person will not act in a manner inconsistent with his welfare. In the

case summary 'day of 1/31/2012 court put a discontinues on the initial hearing of

the habitual offender..And was never excepted back into record before the court

put a denial on the allegation on page#8 of the initial hearing transcript of

3/5/2012..state did not possess it to offer it in a plea agreement..

3f. ..Double Jeopardy)(Successive prosecution)(regarding theft and Burglary ;

(The Petitioner was indicted on theft …However'..convicted on Burglary')

(Block burger) see Exhibit#5…U.S v. Anderson.  514 F.2d 583,586-87 (7th Cir.

1975)... (Double jeopardy bars prosecution for greater charge of assault while

committing bunk robbery. Following conviction for lesser of bank robbery that

was subsequently overturned on appeal. And see..U.S. v. Peel,595 F.3d

763,767(7th Cir.2010)(double jeopardy bars conviction for both obstruction of

justice and bankruptcy fraud because proving obstruction of justice required

nothing beyond that required for bankruptcy fraud making it lesser-included offense)

3g

.The prosecution did not possess, The Habitual offender "as a separate and distinct charge to offer it in a Plea-agreement)(Duress of a threat)and (False and)(or) Defective Government contract).UCC2-201(1) not enforceable by way of action or defense. Restatement second)of conflict of law§187(2)(a) And see Restatement§573, To make unenforceable "a term unreasonably exempting a party "in the case of an innocent as well as a fraudulent misreprentation...Restatement second§163.("misrepresentation as to the character or essential terms of a props contract").A plea that the defendant had not executed a document was a plea of non est factum...Habitual offender is not a charge..see Exhibit#3/page#2And see Exhibt#10..Chronlogical case summary of 11/29/2012..case no# 03D01-1109-FD-5086..Page#3.Date 1/31/2012..initial hearing courts finds an error in the charging information and discontinues the hearing until the information is amended.

On 2/17/2012 state refills count#3Habitual offender and is the same plea contract without amending "All thou the court ordered to amend..Fraudulent misrepresentation..Cormack v. American Underwriters Corp; 288 N.W.2d 634.

Before the fraudulent habitual offender was ever excepted into courts records on page#7 of initial hearing 3/5/2012 court explains how habitual offender is not a charge tell your convicted and it connote be found standing alone "And state used it as a charge...On page#8 courts put a denial on the habitual

allegation "and court had never excepted it back in to court record by 3/5/2012"so the state did not possess the habitual offender to offer in a plea contract.(Duress of a threat) Restatement second§176(2)(C)(what is threatened is,,,a use of power for illegitimate ends")And see. Subjecting person to improper Pressure which overcomes his will and coerces him to comply with demand to which he would not yield if acting as free agent..Head v. Garbsen civil Service Bad" Ala.civ.App.389 so.2d 516.519......Application of such pressure or constraint as compels man to go against his will.

Applied Genetice Intl. v.First Affilioed Sec.f.2d 1238(10th cir 1990) ("Wyoming supreme court would permit a party to assert duress because of a bad faith threat when the legal remedy is clearly inadequate").see UCC1-203,on good faith in enforcement as distinguished from performance.( Restatement second-205 §cmt.e ('Every contract imposes upon each party a duty of good faith and fair dealing in it performance and its enforcement.")Aussin Instrument Co. v. Loral Corp.,272 N.2d 533(N.Y. 1971) Threat deprived victim of" its free will") Restatement second§ 176(2)(b)The effectiveness of the threat....is significantly increased by prior unfair dealing..the court on page#7 tell petitioner will get 53 years in prison "and the  math did not come out to be 53 years..Restatement second§ 326(2).statute of frauds."Restatement second§ 163("misrepresentation.The measure of damages for fraudulent misrepresentation generally affords the injured party the "pecuniary loss suffered…as a consequence of….reliance"and ;if  proved with sufficient certainty; the benefit of his contract "Restatement second)of torts§ 549.Mr.pringle has been in prison over six# 6 years

on a burglary of a fraud contract do to constitutional violations a fraud contract.
Model penal code§§204-240(1980) obstruct justice or in violation of a public
duty. and court was will out jurisdiction of subject matter to except the plea
contract or to convict of burglary on 4-4-2012.Restatement (second) of Agency§
330(1958).which states that for a tortuous misrepresentation of authority there is
liability "in an action of tort for loss caused by reliance up on such
misrepresentation.UCC2-721(neither rescission nor a claim of rescission of the
contract for material misreprentation or fraud "shall bar or be deemed inconsistent
with a claim for damages or other remedy").U.S.C.A. 2415.All of the states
grounds to find Pringles to be a habitual offender was all level 6 felony or class D
felony and more than #10 years heed elapsed. See Exhibit#3 page#1...And at the
same time on page#8 of initial hearing on 3/5/2012 courts excepts the fraud plea
contract as a offer of a plea. The court was without jurisdiction of subject
matter..Ferret v. Ferree.285 ky.825 s.w.2d 719;721.And convicts petitioner
without jurisdiction over count#2 burglary. And the theft charge was dismissed on
4-4-2012.

3(h)...Failure of the state to file the habitual offender in a timely manner'...(False
and/or defective Government contract)...Fraud misrepresentation)V'soske v.
Barwick.404 F.2d(2cir 1968)not only did writer of letter characterize it as an
offer, but he specified the time limit within writhen which it was to be operative.
Restatement second§172(Fraud)prosecution made a written contract to have the
habitual offender filed(by) January,18,2012,And did not get filed tell
January,30,2012,Fraud contract. Residential Mktg.Group v. Granite

Inv.Group.933 F.2d 546(7th cir.1991)( posner.J;'venerable principle..That

ambiguities..Are to be resolved against the drafts does not bar the use of oral

testimony to disambiguate a written contract 'but is a tie oral evidence has been

admitted').A court may take judicial notice of Indiana statutes. Since the court is

presumed to know what the law is and it is the courts duty to know the law..Kamp

v. state(1989).Ind..546 N.E.2d 1193,1198.see Exhibt#1/2.

3(i)....Lack of Jurisdiction/Judicial Misconduct;(as the trial court did not have

jurisdiction over 'subject matter.Klugh v. U.S.,D.C.S.C.620.F.supp.892.901' to

allow the petitioner to enter into the above mentioned plea-agreement on

3/5/2012..The trial court did not have jurisdiction of the subject matter to convict

the petitioner of burglary on 4/4/2012.see Exits' 1/2/3. Ferret v. Ferree,285

ky.825,149 s.w.2d 719.721;Jurisdiction over the nature of the cause of action and

relief sought.Mid-city Bank& trust co. v. Myers.343 pa. 465,23 A.2d 420. 423; or

the amount for which a court of limited jurisdiction is authorized to enter

judgment. The burglary in the plea agreement is in violation of a constitutional

right of the fifth amendment 'see Exhit#7..and a fraud government plea contract,

see Exhit#2..The court was with out jurisdiction over the subject matter to except

the plea and/or to convict of burglary count#2 Double jeopardy..Charge 'Fifth

amendment..As a' fact under Rule of civil procedure 41(b) motion for dismissal

close of plaintiffs evidence

3(j)....Ineffective Assistance of counsel...Trial counsel failed to appropriately

counsel the petitioner on (Double jeopardy) defense/ advise deform entering

guilty plea.....failure to protect the petitioners due process rights at critical stages
during pre-trial and change of plea..

Ineffective assistance of counsel. Young v. Duckworth. 733 F.2d 482


(7th cir 1984)Defendants constitutional right to counsel attached at initial hearing
where there was sufficient evidence to present case to grant jury

3(k).. on 4/4/2012 The trial court failed and/or did not advise the petitioner about
his appeal rights..see transcripts on 3/5/2012 and 4/4/2012...The trial judge failed
to advise the petitioner of his appeal rights. Constitutional right and criminal Rule
#11...Specifically requires a judge to advise of rights to app eal a conviction and
to appoint counsel. Fourteenth   Amendment. In all case an absolute right to one
appeal shall be provided.Cleff v. state(1 st, Dist.1991). Ind.App,, 565 N.E.2d
1089.Article V11§ 6.    See Exhibit#11

Court had lack of jurisdiction of subject matter to convict of burglary'count#2
was in constitutional violation of double jeopardy "Fifth Amendment. Er. Rowe's
Estate, 66 cal.App.2d 594,152 p.2d 765,770.

Void Contract:.Restatement second-Contract§ 174.175.And see,Fed.R.Civil
P.8(c)

8

Throughout the case of State of Indiana V.Roger Pringles cause No#03D01-1109-FD-5086.There has been a conflict of interest with Public interest therewith are covered by statute and by federal statutes the state of being answerable for an obligation, and includes judgment,skill,ability and capacity and capacity. McFarland v. George.Mo.App. 316 s.w.2d 662,671. The obligation to answer for an act done. And to repair or otherwise make restitution for any injury it may have caused. There was an omnibus date of 1-9-2012 that state in law (or) else defeats the whole enactment. Petitioner was not offered a hearing. It is a fact that all through the case there has been malicious prosecution was instituted primarily because of a purpose other than that of bringing an offender to justice. Brown v. Kisner. 192 Miss. 746, 6 so.2d 611,617.It was done intentional without legal justification, and may be inferred from the absence of probable cause; the court and prosecution knew of fraud contract.freeman.Bee Mach.Co.v Mass., 319 U.S.448, 63 s.ct. 1145,1149,87 L E d.1509.The court was without jurisdiction to convict Mr.Pringle of burglary, caunt#2 was a distinct criminal offenses and petitioner was not indicted on burglary "there got to be an second indictment U.S. v. Liotard.C.A.N.J. 817 F.2d 1074,1077, The court and prosecution is in violation of a public offense..People v. sjosten.262 C.A. 2d 539, 68 cal.Rptr.832, The court was without jurisdiction to convict of burglary do to violation of the fifth amendment" and a fraud plea contract. Restatement second§163(misrepresentation as to the terms of the contract and constitutional violations and Block burgers double jeopardy.U.S v. Basciano.599 F.3d 184.203-05(2d cir 2010) double jeopardy barred successive racketeering prosecutions where the charge shared substantially same facts).And see.U.S. v. Robertson, 606 f.3d 943,950-52(8th cir 2010)(double jeopardy bars second count when defendant accused of attempted aggravated sexual abuse and attempted abusive sexual.contact based on sole specific act of sexual abuse..see Exhibit #6 And see...Hetchkop v. Woodlawn at grassmere.116 F3d.28 (2d cir 1997) Fraud in the execution.renders a purported agreement void initio" and makes it a" "nullity").(Mr.Pringle ask this Madison county court to dismiss this case Please.Fed.R.civil P.12(b) the case of state of Indiana v. Roger Pringle.#03D01-1109-FD-5086.

9

Footnotes........Any form of coercion, physical or psychological, which renders a confession of crime or an admission involuntary is in violation of the 5th Amend.U.S.const.and due process clause of 14th Amend. Such practices contravene the very basis of our criminal jurisprudence which is accusatorial not inquisitorial. Rogers V. Richmand.365 U.S.534,18 s.ct.735.5 L.Ed.2d 760.


Self-Incrimination.......A voluntary confession is one made spontaneously by a person accrued of crime, free from the influence of any extorted by violence,thearts,or promises, It is the product of an essentially free and unconstrained choice by its maker, in ter..est of Ruth,239 pa.super.453,360 A 2d 922,923; and is made with full knowledge of nature and consequences of the confession. Martinez v. state.okl.cr., 496 p. 2d 248. 18 U.S.C.A.§ 3501(b)


Self- incrimination......Acts or declarations either as testimony at trial or prior to trial by which one implicates himself in a crime. The fifth Amendment.U.S. const., as well as provisions in many state; constitutions and laws, prohibit the government from requiring a person to be a witness against himself. It is the burden of the government to accuse and to carry the burden of proof of guilt. The defendant cannot be compelled to aid the government in this regard 18 U.S.C.A.§ 6001 et set.

And see. 18 U.S.C.A. § 3501.Circustances of the act he had in it.

10

# Bartholomew County Sheriff's Office

543 2nd Street, Columbus, Indiana 47201

October 21, 2011

Honorable Chris Monroe
Bartholomew County Superior Court I
234 Washington Street
Columbus, IN 47201

RE:    Roger Pringle
       03D01-1109-FD-5086

Dear Judge,

The Bartholomew County Sheriff's Office extradited Roger Pringle from Holden, West Virginia on October 20, 2011.

This extradition cost Bartholomew County $416.32. If Mr. Pringle is found guilty under this cause number, we would ask for Bartholomew County to be reimbursed.

Sincerely,

*Vicki Thompson*

Vicki Thompson


cc:    Bartholomew County Prosecutor's Office
       Bartholomew County Probation Department


*Sheriff* Mark E. Gorbett          Exhibit #(9)

Fax 812-379-165

*Double Jeopardy*

835

## BENCH WARRANT Bartholomew Superior Court 1

STATE OF INDIANA, BARTHOLOMEW COUNTY, ss: Cause No. 03D01-1109-FD-5086

The State of Indiana to the Sheriff of Bartholomew County, Greeting:

You are hereby commanded to arrest: Roger Pringle

Last Known Address:  3052 Amber Way, Bargersville, Indiana 46106-8362

Birth Date: 10/27/1958     SS No.: _____     OLN: 0461-32-5526   IN

If person may be found in your bailiwick, so that you have person's body before the Judge of the Court indicated above, instanter, then and there to answer the State of Indiana on a charge of : Theft, a Class D Felony and abide the order of the Court thereon, and return this writ.

WITNESS, the Clerk and seal of said Court this _____*28th*_____ day

of _____*September*_____ *2011*

_____*Tami J. Hinslen*_____
Clerk Bartholomew County Courts

_____ Re-Issued Warrant

Valid Until Served

Bond in the fixed sum of $ _*25,000.00*_ _____ or 10% CASH

_____
Judge

### Sheriff's Return

Served as commanded by arresting the within named defendant Roger Pringle

this _____ day of _____

_____
Sheriff of Bartholomew County,
Indiana

_____
Deputy

Form 12

*Exhibit #1*



WILLIAM M. NASH
Prosecuting Attorney
Bartholomew County, Indiana
Ninth Judicial Circuit

254 Washington Street
Columbus, IN 47201
(812) 379-1670
Fax (812) 379-1767

## OFFICE OF THE PROSECUTING ATTORNEY

December 28, 2011

Aaron J. Edwards, Esquire
Attorney for Defendant

Re:   State of Indiana v. Roger Pringle
Bartholomew Superior Court 1
Cause No.  03D01-1109-FD-05086



Dear Mr. Edwards:

The State tenders the following offer to the defendant:

1. Defendant shall plead guilty to added Count 2:  Burglary, a Class B felony.

2. State agrees to dismiss Count 1:  Theft, a Class D felony, and the habitual offender enhancement (to be filed by January 18, 2012).

3. State and Defendant agree to argue terms of sentence to the Court, including restitution.

4. Offer is vacated upon the completion of the final pretrial conference, violation of terms of pretrial release, and/or the filing of a Speedy Trial motion.

5. Offer applies only to the above-mentioned cause.  No other promises have been made.

Sincerely,

*Lynda K Robison*

Lynda K. Robison
Deputy Prosecuting Attorney
Ninth Judicial Circuit
State of Indiana

Cc:   File

*Fraud Contract*

*3-5-2012*

*Exh. 2*

*____ , Attorney   3/5/12*

*Roger Pringle*
*Roger Pringle*

*Agree To Terms*
*3-5-17*

DM27554

STATE OF INDIANA, COUNTY OF BARTHOLOMEW, SS:

IN THE BARTHOLOMEW *Superior* COURT I

CAUSE NO. 03D01-1109-FD-5086

STATE OF INDIANA

    VS.

Roger Pringle
3052 Amber Way
Bargersville, Indiana 46106-8362
SSN: REDACTED
DOB: 10/27/1958
OLN: 0461-32-5526



INFORMATION

THEFT

I.C. 35-43-4-2(a)

A CLASS D FELONY

    The undersigned affiant does hereby swear or affirm under the penalties of perjury:

    That on or about August 13, 2011, in Bartholomew County, State of Indiana, the defendant, Roger Pringle, did knowingly exert unauthorized control over the property of Leanne York, to-wit: jewelry; with the intent to deprive said person of any part of the use or value of the property.

    All of which is contrary to the laws of the State of Indiana.

_____
Kevin Abner

    Subscribed and sworn to before me this 20th day of September, 2011.

_____
~~Kathleen M. Burns~~
~~Chief~~ Deputy Prosecuting Attorney
Ninth Judicial Circuit
State of Indiana

WITNESSES:

Kevin Abner
Sprint Representative
Frances L. Sexton

L. Jason Williams
Leanne York

COUNT #1

STATE OF INDIANA, COUNTY OF BARTHOLOMEW, SS:

IN THE BARTHOLOMEW SUPERIOR COURT 1

CAUSE NO. 03D01-1109-FD-5086  ← *Same*

| | |
|---|---|
| STATE OF INDIANA | INFORMATION |
| VS. | BURGLARY |
| ROGER PRINGLE<br>3052 AMBER WAY<br>BARGERSVILLE, IN 461068362<br>SSN: REDACTED<br>DOB: 10/27/1958<br>OLN: 0461-32-5526 | I.C. 35-43-2-1<br><br>A CLASS B FELONY<br><br>COUNT: 2 |

*NOV 23 2011*
*Jami A. Claus CLERK*
*BARTHOLOMEW CO. COURTS*

*Same*

The undersigned affiant does hereby swear or affirm under the penalties of perjury:

That on or about August 13, 2011 in Bartholomew County, State of Indiana, the defendant, Roger Pringle did break and enter the dwelling of Leeanne York, with the intent to commit a felony therein, to-wit: Theft. ←

All of which is contrary to the laws of the State of Indiana. *INDICTMENT*

*Jason Williams* (signature)

Jason Williams

Subscribed and sworn to before me this *23rd* day of *November*, 2011.

*Lynda K Robison* (signature)
Lynda K. Robison
Deputy Prosecuting Attorney
Ninth Judicial Circuit
State of Indiana

WITNESSES:
Leanne York
L. Jason Williams
Sprint PCS Representative
Kevin Abner
Frances L. Sexton

*COUNT #2*



*COUNT 3*

*vidnce;  As a charge.  was going to give me 53 years      Case 3:16cv717*

STATE OF INDIANA, BARTHOLOMEW COUNTY, SS:
In the Bartholomew Superior Court 1
03D01-1109-FD-5086  ← *The same*

THE STATE OF INDIANA        )
                            )
        VS.                 )        AMENDED INFORMATION
                            )           COUNT III
ROGER PRINGLE               )        HABITUAL OFFENDER
                            )           I.C. 35-50-2-8
                            )

JAN 30 2012

The undersigned affiant does hereby swear or affirm under the penalties of perjury that prior to August 13, 2011, Roger Pringle had accumulated at least two prior unrelated felony convictions, to wit:

1. On or about June 2, 2009, the defendant was convicted of the felony of Intimidation, as a Class D Felony in Marion County Criminal Court in cause number 49G16-0702-FD-025955, and said offense having been committed in February, 2007;

2. On or about July 16, 2007, the defendant was convicted of the felony of Operating While Intoxicated, as a Class D Felony in Hancock County Circuit Court in cause number 30C01-0707-FD-00165, and said offense having been committed in July 14, 2007;

3. On or about January 23, 2009, the defendant was convicted of the felony of Intimidation, as a Class D Felony in Hancock County Circuit Court in cause number 30C01-0808-FD-00144, and said offense having been committed in August 1, 2008;

*Level A or Level 1 D*

4. On or about September 5, 1990, the defendant was convicted of the felony of Receiving Stolen Property, as a felony in Cuyahoga County, Ohio in cause number CR-90-249938-ZA, and said offense occurring on or about February 21, 1990;

*Charge Count #3*

5.   On or about August 8, 1991, the defendant was convicted of the felony of Theft, as a felony in Cuyahoga County, Ohio in cause number CR-91-261719-ZA, and said offense having been committed in December 17, 1990;

6.   On or about August 7, 1989, the defendant was convicted of the felony of Burglary and Felonious Assault, as a felony in Cuyahoga County, Ohio in cause number CR-88-230584-ZA, and said offense having been committed in August, 10, 1988;

All of which is contrary to the laws of the State of Indiana.

_____
Kevin Abner

Subscribed and sworn to before me this 30th day of January, 2012.

_____
Lynda K. Robison
Deputy Prosecuting Attorney
Ninth Judicial Circuit
State of Indiana

## 35-50-2-8.  Habitual offenders.

(a) The state may seek to have a person sentenced as a habitual offender for a felony by alleging, on one (1) or more pages separate from the rest of the charging instrument, that the person has accumulated the required number of prior unrelated felony convictions in accordance with this section.

(b) A person convicted of murder or of a Level 1 through Level 4 felony is a habitual offender if the state proves beyond a reasonable doubt that:

(1) the person has been convicted of two (2) prior unrelated felonies; and

(2) at least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony.

(c) A person convicted of a Level 5 felony is a habitual offender if the state proves beyond a reasonable doubt that:

(1) the person has been convicted of two (2) prior unrelated felonies;

(2) at least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony; and

(3) if the person is alleged to have committed a prior unrelated:

(A) Level 5 felony;

(B) Level 6 felony;

(C) Class C felony; or

(D) Class D felony; not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) and the time the person committed the current offense.

(d) A person convicted of a  felony offense is a habitual offender if the state proves beyond a reasonable doubt that:

(1) the person has been convicted of three (3) prior unrelated felonies; and

(2) if the person is alleged to have committed a prior unrelated:

(A) Level 5 felony;

(B) Level 6 felony;

(C) Class C felony; or

(D) Class D felony; not more than ten (10) years have elapsed between the time the person was released from imprisonment, probation, or parole (whichever is latest) and the time the person committed the current offense.

Indiana Laws

(e) The state may not seek to have a person sentenced as a habitual offender for a felony offense under this section if the current offense is a misdemeanor that is enhanced to a felony in the same proceeding as the habitual offender proceeding solely because the person had a prior unrelated conviction. However, a prior unrelated felony conviction may be used to support a habitual offender determination even if the sentence for the prior unrelated offense was enhanced for any reason, including an enhancement because the person had been convicted of another offense.

(f) A person has accumulated two (2) or three (3) prior unrelated felony convictions for purposes of this section only if:

(1) the second prior unrelated felony conviction was committed after commission of and sentencing for the first prior unrelated felony conviction;

(2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after commission of and sentencing for the second prior unrelated felony conviction; and

(3) for a conviction requiring proof of three (3) prior unrelated felonies, the third prior unrelated felony conviction was committed after commission of and sentencing for the second prior unrelated felony conviction.

(g) A conviction does not count for purposes of this section as a prior unrelated felony conviction if:

(1) the conviction has been set aside; or

(2) the conviction is one for which the person has been pardoned.

(h) If the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing. If the trial was to the court or the judgment was entered on a guilty plea, the court alone shall conduct the sentencing hearing under IC 35-38-1-3. The role of the jury is to determine whether the defendant has been convicted of the unrelated felonies. The state or defendant may not conduct any additional interrogation or questioning of the jury during the habitual offender part of the trial.

(i) The court shall sentence a person found to be a habitual offender to an additional fixed term that is between:

(1) six (6) years and twenty (20) years, for a person convicted of murder or a Level 1 through Level 4 felony; or

(2) two (2) years and six (6) years, for a person convicted of a Level 5 or Level 6 felony. An additional term imposed under this subsection is nonsuspendible.

(j) Habitual offender is a status that results in an enhanced sentence. It is not a separate crime and does not result in a consecutive sentence. The court shall attach the habitual offender enhancement to the felony conviction with the highest sentence imposed and specify which felony count is being enhanced. If the felony enhanced by the habitual offender determination is set aside or vacated, the court shall resentence the person and apply the

habitual offender enhancement to the felony conviction with the next highest sentence in the underlying cause, if any.

(k) A prior unrelated felony conviction may not be collaterally attacked during a habitual offender proceeding unless the conviction is constitutionally invalid.

(*l*) The procedural safeguards that apply to other criminal charges, including:

(1) the requirement that the charge be filed by information or indictment; and

(2) the right to an initial hearing;also apply to a habitual offender allegation.

**35-43-4-2.  Theft  Receiving stolen property.**

(a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class A misdemeanor. However, the offense is:

(1) a Level 6 felony if:

(A) the value of the property is at least seven hundred fifty dollars ($750) and less than fifty thousand dollars ($50,000);

(B) the property is a firearm; or

(C) the person has a prior unrelated conviction for:

(i) theft under this section; or

(ii) criminal conversion under section 3 of this chapter; and

(2) a Level 5 felony if:

(A) the value of the property is at least fifty thousand dollars ($50,000); or

(B) the property that is the subject of the theft is a valuable metal (as defined in IC 25-37.5-1-1) and:

(i) relates to transportation safety;

(ii) relates to public safety; or

(iii) is taken from a hospital or other health care facility, telecommunications provider, public utility (as defined in IC 32-24-1-5.9(a)), or key facility;and the absence of the property creates a substantial risk of bodily injury to a person.

(b) For purposes of this section, the value of property means:

(1) the fair market value of the property at the time and place the offense was committed; or

(2) if the fair market value of the property cannot be satisfactorily determined, the cost to replace the property within a reasonable time after the offense was committed.A price tag or price marking on property displayed or offered for sale constitutes prima facie evidence of the value of the property.

# Double jeopardy legal definition of double jeopardy

http://legal-dictionary.thefreedictionary.com/double+jeopardy

# double jeopardy

Also found in: **Dictionary**, **Thesaurus**, **Financial**, **Encyclopedia**, **Wikipedia**.

## Double Jeopardy

*A second prosecution for the same offense after acquittal or conviction or multiple punishments for same offense. The evil sought to be avoided by prohibiting double jeopardy is double trial and double conviction, not necessarily double punishment.*

The **Fifth Amendment** to the U.S. Constitution provides, "No person shall ... be subject for the same offence [*sic*] to be twice put in jeopardy of life or limb." This provision, known as the Double Jeopardy Clause, prohibits state and federal governments from prosecuting individuals for the same crime on more than one occasion, or imposing more than one punishment for a single offense. Each of the 50 states offers similar protection through its own constitution, statutes, and **Common Law**.

Five policy considerations underpin the double jeopardy doctrine: (1) preventing the government from employing its superior resources to wear down and erroneously convict innocent persons; (2) protecting individuals from the financial, emotional, and social consequences of successive prosecutions; (3) preserving the finality and integrity of criminal proceedings, which would be compromised were the state allowed to arbitrarily ignore unsatisfactory outcomes; (4) restricting prosecutorial discretion over the charging process; and (5) eliminating judicial discretion to impose cumulative punishments that the legislature has not authorized.

Double jeopardy is one of the oldest legal concepts in Western civilization. In 355 B.C., Athenian statesman Demosthenes said, "[T]he law forbids the same man to be tried twice on the same issue." The Romans codified this principle in the Digest of **Justinian I** in A.D. 533. The principle also survived the Dark Ages (A.D. 400–1066), notwithstanding the deterioration of other Greco-Roman legal traditions, through **Canon Law** and the teachings of early Christian writers.

In England, the protection against double jeopardy was considered "a universal **Maxim** of the common law" (*United States v. Wilson*, 420 U.S. 332, 340, 95 S. Ct. 1013, 1020, 43 L. Ed. 2d 232 [1975]) and was embraced by eminent jurists **Henry de Bracton** (1250), **Sir Edward Coke** (1628), Sir Matthew Hale (1736), and **Sir William Blackstone** (1769). Nonetheless, the English double jeopardy doctrine was extremely narrow. It applied only to defendants who were accused of capital felonies, and only after conviction or acquittal. It did not apply to cases that had been dismissed prior to final judgment, and it was not immune from flagrant abuse by the Crown.

The American colonists, who were intimately familiar with Coke, Blackstone, and the machinations of the Crown, expanded the protection against double jeopardy, making it applicable to all crimes. Yet some perceived James Madison's original draft of the Double Jeopardy Clause as being too broad. It provided, "No person shall be subject ... to more than one punishment or *one trial* for the same offense" (emphasis added) (*United States v. Halper*, 490 U.S. 435, 440, 109 S. Ct. 1892, 1897 104 L. Ed. 2d 487 [1989]). Several House members objected to this wording, arguing that it could be misconstrued to prevent defendants from seeking a second trial on appeal following conviction. Although the Senate later amended the language to address this concern, the final version ratified by the states left other questions for judicial interpretation.

Double jeopardy litigation revolves around four central questions: (1) In what type of legal proceeding does double jeopardy protection apply? (2) When does jeopardy begin, or, in legal parlance, attach? (3) When does jeopardy

Exhibit #4

12/22/2015

Double jeopardy legal definition of double jeopardy

terminate? (4) What constitutes successive prosecutions or punishments for the same offense? Although courts have answered the second and third questions with some clarity, they continued to struggle over the first and last.

## Where Jeopardy Applies

Only certain types of legal proceedings invoke double jeopardy protection. If a particular proceeding does not place an individual in jeopardy, then subsequent proceedings against the same individual for the same conduct are not prohibited. The Fifth Amendment suggests that the protection against double jeopardy extends only to proceedings that threaten "life or limb." Nevertheless, the U.S. Supreme Court has established that the right against double jeopardy is not limited to capital crimes or **Corporal Punishment**, but that it extends to all felonies, misdemeanors, and juvenile-delinquency adjudications, regardless of the applicable punishments.

In *Benton v. Maryland*, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969), the U.S. Supreme Court ruled that the federal Double Jeopardy Clause is applicable to state and federal prosecutions. Prior to this ruling, an individual who was accused of violating state law could rely only on that particular state's protection against double jeopardy. Some states offered greater protection against double jeopardy than did others. The Court, relying on the doctrine of incorporation, which makes fundamental principles in the **Bill of Rights** applicable to the states through the EQUAL PROTECTION CLAUSE of the **Fourteenth Amendment**, said this was not permissible. The right against double jeopardy is so important, the Court concluded, that it must be equally conferred upon the citizens of every state. Under *Benton*, no state may provide its residents with less protection against double jeopardy than that offered by the federal Constitution.

The U.S. Supreme Court has also held that the right against double jeopardy precludes only subsequent *criminal* proceedings. It does not preclude ordinary civil or administrative proceedings against a person who already has been prosecuted for the same act or omission. Nor is prosecution barred by double jeopardy if it is preceded by a final civil or administrative determination on the same issue.

Courts have drawn the distinction between criminal proceedings on the one hand, and civil or administrative proceedings on the other, based on the different purposes served by each. Criminal proceedings are punitive in nature and serve two primary purposes: deterrence and retribution. Civil proceedings are more remedial; their fundamental purpose is to compensate injured persons for any losses incurred. Because civil and criminal remedies fulfill different objectives, a government may provide both for the same offense.

The multiple legal proceedings brought against O. J. (Orenthal James) Simpson in the death of Nicole Brown Simpson and Ronald Lyle Goldman illustrate these various objectives. The state of California prosecuted the criminal case, three civil suits for the murders of his former wife and her friend. Despite Simpson's acquittal in the criminal case, three civil suits were filed against him by the families of the two victims. The criminal proceedings were instituted with the purpose of punishing Simpson, incarcerating him, and deterring others from similar behavior. The civil suits were intended to make the victims' families whole by compensating them with money damages for the losses they had suffered.

The distinctions between criminal and civil proceedings and between punitive and remedial remedies may appear semantic, but they raise real legal issues. Courts have recognized that civil remedies may advance punitive goals. When they do, double jeopardy questions surface. For example, a civil **Forfeiture** or civil fine, although characterized by the legislature as remedial, becomes punitive when the value of the property seized or the amount of the fine imposed is "overwhelmingly disproportionate" to society's loss (*Halper*). This principle was exemplified when the U.S. Supreme Court prohibited the federal government from seeking a $130,000 civil penalty against a man who previously had been sentenced to prison for the same offense of filing $585 worth of false **Medicare** claims (*Halper*). The Court concluded that the gross disparity between the fine imposed and society's economic loss reflected a punitive remedial aim.

Double jeopardy legal definition of double jeopardy

Conversely, many courts have ruled that **Punitive Damages** awarded in civil suits are not sufficiently criminal for double jeopardy purposes when the plaintiff seeking those damages is a private party, not the state. This ruling can be best explained by noting that the Bill of Rights guarantees protection only against government action. It does not create a system of rights and remedies for disputes between private citizens, as do the laws of contracts and TORTS. Courts have not determined whether punitive damages recovered by the government in a civil suit would bar subsequent prosecution, nor have they agreed whether a number of administrative proceedings can be uniformly characterized as punitive or remedial. Cases involving the revocation of professional licenses, driving privileges, **Probation**, and **Parole** have divided courts over the purposes underlying these proceedings.

## When Jeopardy Attaches

Courts have provided much clearer guidance on the question of when jeopardy attaches, or begins. This question is crucial to answer because any action taken by the government before jeopardy attaches, such as dismissal of the indictment, will not prevent later proceedings against a person for the same offense. Once jeopardy has attached, the full panoply of protection against multiple prosecutions and punishments takes hold.

The U.S. Supreme Court has held that jeopardy attaches during a jury trial when the jury is empanelled. In criminal cases tried by a judge without a jury, jeopardy attaches when the first witness is sworn. Jeopardy begins in juvenile-delinquency adjudications when the court first hears evidence. If the defendant or juvenile enters a plea agreement with the prosecution, jeopardy does not attach until the court accepts the plea.

*Day of plea 3-5-2012*
*Look sentencing Day 4-4-2012*

## When Jeopardy Terminates

Determining when jeopardy terminates is no less important, but somewhat more complicated. Once jeopardy has terminated, the government may not hail someone into court for additional proceedings on the same matter without raising double jeopardy questions. If jeopardy does not terminate at the conclusion of one proceeding, it is said to be continue, and further criminal proceedings are permitted. Jeopardy can terminate in four instances: after acquittal; after dismissal; after a mistrial; and on appeal after conviction.

A jury's verdict of acquittal terminates jeopardy, and it may not be overturned on appeal even if it is contrary to overwhelming proof of a defendant's guilt and derived from a trial that was rife with reversible error. This elemental maxim of double jeopardy **Jurisprudence** entrusts the jury with the power to nullify criminal prosecutions that are tainted by egregious police, prosecutorial, or judicial misconduct.

A jury also may impliedly acquit a defendant. If a jury has been instructed by the judge on the elements of a particular crime and a **Lesser Included Offense**, and the jury returns a guilty verdict as to the lesser offense but is silent as to the greater one, then reprosecution for the greater offense is barred by the Double Jeopardy Clause. For example, a jury that has been instructed as to the crimes of first- and second-degree murder may impliedly acquit the defendant of first-degree murder by returning only a guilty verdict as to murder in the second degree. A not-guilty verdict as to the greater offense is inferred from the silence.

A dismissal is granted by the trial court for errors and defects that operate as an absolute barrier to prosecution. It may be entered before a jury has been impaneled, during the trial, or after a conviction. But jeopardy must attach before a dismissal implicates double jeopardy protection.

Once jeopardy attaches, a dismissal granted by the court for insufficient evidence terminates it. Such a dismissal also bars further prosecution, with one exception: The prosecution may appeal a dismissal entered after the jury has returned a guilty verdict. If the appellate court reverses the dismissal, the guilty verdict may be reinstated without necessitating a second trial. The state may not appeal a dismissal granted for lack of evidence after a case has been submitted to a jury, but before a verdict has been reached.

Reprosecution is permitted, and jeopardy continues, when the court dismisses the case on a motion by the defendant for reasons other than sufficiency of the evidence. For example, a court may dismiss a case when the defendant's right to a **Speedy Trial** has been denied by prosecutorial pretrial delay. The U.S. Supreme Court has held that no double jeopardy issue is triggered when defendants obtain dismissal for reasons that are unrelated to their guilt or innocence (see *United States v. Scott*, 437 U.S. 82, 98 S. Ct. 2187, 57 L. Ed. 2d 65 [1978]).

A mistrial is granted when it has become impracticable or impossible to finish a case. Courts typically declare a mistrial when jurors fail to reach a unanimous verdict. Like a dismissal, a mistrial that is declared at the defendant's behest will not terminate jeopardy or bar reprosecution. Nor will a mistrial preclude reprosecution when declared with the defendant's consent. Courts disagree as to whether a defendant's mere silence is tantamount to consent.

A different situation is presented when a mistrial is declared over the defendant's objection. Reprosecution is then allowed only if the mistrial resulted from "manifest necessity," a standard that is more rigorous than "reasonable necessity," and less exacting than "absolute necessity." A mistrial that could have been reasonably avoided terminates jeopardy, but jeopardy continues if a mistrial was unavoidable.

The manifest-necessity standard has been satisfied where mistrials have resulted from defective indictments, disqualified or deadlocked jurors, and procedural irregularities willfully occasioned by the defendant. Manifest necessity is never established for mistrials resulting from prosecutorial or judicial manipulation. In determining manifest necessity, courts balance the defendant's interest in finality against society's interest in a fair and just legal system.

Every defendant has the right to appeal a conviction. If the conviction is reversed on appeal for insufficient evidence, the reversal is treated as an acquittal, and further prosecution is not permitted. However, the defendant may be reprosecuted when the reversal is not based on a lack of evidence. The grounds for such a reversal include defective search warrants, unlawful seizure of evidence, and other so-called technicalities. Retrials in these instances are justified by society's interest in punishing the guilty. A defendant's countervailing interests are subordinated when a jury's verdict is overturned for reasons that are unrelated to guilt or innocence.

The interests of accused individuals are also subordinated when courts permit prosecutors to seek a more severe sentence during the retrial of a defendant whose original conviction was reversed on appeal. Courts have suggested that defendants who appeal their convictions assume the risk that a harsher sentence will be imposed during reprosecution. However, in most circumstances, courts are not permitted to impose a death sentence on a defendant during a second trial when the jury recommended life in prison during the first. The recommendation of life imprisonment is construed as an acquittal on the issue of **Capital Punishment**.

## What Constitutes the Same Offense

The final question that courts must resolve in double jeopardy litigation is whether successive prosecutions or punishments are geared toward the same offense. Jeopardy may already have attached and terminated in a prior criminal proceeding, but the state may bring further criminal action against a person so long as it is not for the same offense. Courts have analyzed this question in several ways, depending on whether the state is attempting to reprosecute a defendant or to impose multiple punishments.

At common law, a single episode of criminal behavior produced only one prosecution, no matter how many wrongful acts were committed during that episode. Under current law, a proliferation of overlapping and related offenses may be prosecuted as separate crimes stemming from the same set of circumstances. For example, an individual who has stolen a car to facilitate an abduction resulting in attempted rape could be separately prosecuted and punished for auto theft, **Kidnapping**, and molestation. This development has significantly enlarged prosecutors' discretion over the charging process.

determine whether there are multiple offenses is whether each provision requires proof of a fact that the other does not.[1474] This test can be satisfied even when there is

different times with different patterns of racketeering); U.S. v. Banks, 10 F.3d 1044, 1050 (4th Cir. 1993) (no double jeopardy bar because successively charged offenses, though similar, occurred on different dates); Lave v. Dretke, 416 F.3d 372, 381-82 (5th Cir. 2005) (no double jeopardy bar to seeking death penalty in successive murder trial after not seeking it in first murder trial although both murders occurred in course of same robbery); U.S. v. Wheeler, 535 F.3d 446, 455-58 (6th Cir. 2008) (no double jeopardy bar to successive indictment for drug conspiracy because conduct occurred in separate states, was of different scope and nature, and involved different time periods); U.S. v. Calabrese, 490 F.3d 575, 577-81 (7th Cir. 2007) (no double jeopardy bar to later RICO conviction for same acts and numerous other similar acts that occurred at different times and subsequent to first prosecution); U.S. v. Chief, 561 F.3d 846, 852-53 (8th Cir. 2009) (no double jeopardy bar to charging 2 acts of sexual abuse though victim was same in both incidents); U.S. v. Brooks, 610 F.3d 1186, 1194-95 (9th Cir. 2010) (no double jeopardy bar to prosecutions for both child sex trafficking and interstate transportation of minor for prostitution); U.S. v. Sturm, 673 F.3d 1274, 1287-88 (10th Cir. 2012) (no double jeopardy bar to possession and receipt of child pornography because convictions based on distinct acts on different dates under different statutes); U.S. v. Bobb, 577 F.3d 1366, 1374 (11th Cir. 2009) (no double jeopardy bar to possession and receipt of child pornography because convictions based on distinct offenses occurring on different dates under different statutes). *But see, e.g.*, U.S. v. Basciano, 599 F.3d 184, 203-05 (2d Cir. 2010) (double jeopardy barred successive racketeering prosecutions where the charges shared substantially same facts); U.S. v. Severns, 559 F.3d 274, 291 (5th Cir. 2009) (double jeopardy bars 2 convictions for use of fire to commit mail and wire fraud because both based on single fire); U.S. v. Ehle, 640 F.3d 689, 694-98 (6th Cir. 2011) (double jeopardy bar to successive convictions for receiving and possessing same child pornography because one cannot "receive" an item without also "possessing" that item); U.S. v. Robertson, 606 F.3d 943, 950-52 (8th Cir. 2010) (double jeopardy bars second count when defendant accused of attempted aggravated sexual abuse and attempted abusive sexual contact based on sole specific act of sexual abuse).

1474. *Blockburger*, 284 U.S. at 304; *see also* Rutledge v. U.S., 517 U.S. 292, 297 (1996); Tex. v. Cobb, 532 U.S. 162, 172-73 (2001); *see, e.g.*, U.S. v. Neto, 659 F.3d 194, 200-01 (1st Cir. 2011) (no double jeopardy bar to prosecution of both conspiracy to smuggle and harboring illegal aliens because each required separate proof); U.S. v. Sessa, 125 F.3d 68, 71-72 (2d Cir. 1997) (no double jeopardy bar to charge of substantive RICO violation and conspiracy to violate RICO in 1 count because each contained element other did not); U.S. v. Lacy, 446 F.3d 448, 456 (3d Cir. 2006) (no double jeopardy bar to prosecution both of simple possession of 5 grams of cocaine and possession of additional cocaine with intent to distribute because each offense required proof of fact other did not); U.S. v. Ayala, 601 F.3d 256, 264-66 (4th Cir. 2010) (no double jeopardy bar to prosecution for both murder conspiracy and racketeering conspiracy because they are considered separate offenses); Austin v. Cain, 660 F.3d 880, 892 (5th Cir. 2011) (no double jeopardy bar to prosecution for 2 offenses when elements of 1 offense are alternative elements of the second offense); U.S. v. Theunick, 651 F.3d 578, 587-88 (6th Cir. 2011) (no double jeopardy bar to prosecution of misrepresentation under 2 different statutory schemes because one required proof in connection with internal revenue laws and other required separate proof of misrepresentation on ATF record); U.S. v. Pao Xiong, 595 F.3d 697, 699 (7th Cir. 2010) (no double jeopardy bar despite overlap in evidence because arson, mail fraud, and conspiracy required separate proof and could be unconnected events without nexus); U.S. v. Sandstrom, 594 F.3d 634, 655-59 (8th Cir. 2010) (no double jeopardy bar to prosecution of 4 counts of gun-related offenses arising out of racially-motivated murder because separate elements required for each); U.S. v. Brooks, 610 F.3d 1186, 1194-95 (9th Cir. 2010) (no double jeopardy bar to prosecution for child sex trafficking and interstate transportation of minor for prostitution because each offense contained element other did not); U.S. v. Sturm, 673 F.3d 1274, 1287-88 (10th Cir. 2012) (no double jeopardy bar to possession and receipt of child pornography because each offense contained proof other did not); U.S. v. Ibarguen-Mosquera, 634 F.3d 1370, 1382-83 (11th Cir. 2011) (no double jeopardy bar to convictions for conspiracy to violate and substantive violation of drug trafficking statute because each charge required element other did not); U.S. v. Walker, 545 F.3d 1081, 1085 (D.C. Cir. 2008) (no double jeopardy bar to dual convictions for possession of unregistered firearm and felon-in-possession of firearm because each offense required element that other did not). *But see, e.g.*, U.S. v. White, 240 F.3d 127, 132-33 (2d Cir. 2001) (offenses charged same transaction because distribution of cocaine within 1000 feet of school includes all elements of possession and distribution of cocaine); U.S. v. Rigas, 605 F.3d 194, 204-09 (3d Cir. 2010) (offenses charged same transaction because Congress intended only 1 offense but listed multiple ways to carry it out); U.S. v. Ogba, 526 F.3d 214, 233-36 (5th Cir. 2008) (offenses charged same transaction because healthcare fraud includes all elements of illegal remuneration); U.S. v. Ehle, 640 F.3d 689, 694 (6th Cir. 2011) (offenses charged same transaction because receiving child pornography includes all elements of possession of child pornography); U.S. v. Lynn, 636 F.3d 1127, 1136-38 (9th Cir. 2011) (same); U.S. v. Muhlenbruch, 634 F.3d 987, 1002-03 (8th Cir. 2011) (same); Williams v. 1136-38 (9th Cir.) (same), *amended by* 2011 U.S. App. LEXIS 11253 (9th Cir. 2011).

(Page 1 of 4) Evidence   Exhibit #6

substantial overlap in the evidentiary showings for the two offenses.[1475] As a conse-

Singletary, 78 F.3d 1510, 1516 (11th Cir. 1996) (offenses charged same transaction because assault does not require any element of proof not required by burglary with assault); U.S. v. Mahdi, 598 F.3d 883, 887-89 (D.C. Cir. 2010) (offenses charged same transaction under federal racketeering statute).

1475. *See* U.S. v. Felix, 503 U.S. 378, 386 (1992) ("[A] mere overlap in proof between two prosecutions does not establish a double jeopardy violation."); *see, e.g.*, U.S. v. Gerhard, 615 F.3d 7, 18-20 (1st Cir. 2010) (no double jeopardy despite substantial overlap in required proof because conspiracy to prevent U.S. officer from discharging his duties and conspiracy to interfere with officer while in performance of his duties each require different elements); Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995) (no double jeopardy despite substantial overlap in required proof; intentional murder and reckless manslaughter were separate offenses because each charge required proof of mental state not required by other); U.S. v. Hodge, 211 F.3d 74, 78 (3d Cir. 2000) (no double jeopardy bar despite substantial overlap of evidence, prosecutions for robbery and affecting commerce by robbery permissible because each required separate elements of proof); U.S. v. Jefferson, 674 F.3d 332, 367 (4th Cir. 2012) (no double jeopardy despite substantial overlap in wire fraud charges because conduct element is one of action not scheme; each transmission created punishable offense); U.S. v. Tucker, 345 F.3d 320, 337 (5th Cir. 2003) (no double jeopardy despite substantial overlap in required proof; securities fraud and mail fraud were separate offenses because crimes required different proof); U.S. v. Theunick, 651 F.3d 578, 587-88 (6th Cir. 2011) (no double jeopardy despite substantial overlap between charges for misrepresentation because crimes required different proof); U.S. v. Halliday, 672 F.3d 462, 470-72 (7th Cir. 2012) (no double jeopardy bar despite substantial overlap in evidence because separate images formed basis for separate receipt and possession counts of child pornography); U.S. v. Honarvar, 477 F.3d 999, 1001-02 (8th Cir. 2007) (no double jeopardy despite substantial overlap of evidence because charges of bank fraud and making false statements separate offenses requiring different elements of proof); U.S. v. Brooks, 610 F.3d 1186, 1194-95 (9th Cir. 2010) (no double jeopardy bar despite substantial overlap in evidence where child sex trafficking and interstate transportation of minor for prostitution separate offenses because crimes require different elements of proof); U.S. v. Sturm, 673 F.3d 1274, 1287-88 (10th Cir. 2012) (no double jeopardy despite substantial overlap of evidence because possession and receipt of child pornography convictions based on 2 distinct acts on different dates under different statutes requiring different proof); U.S. v. Bobb, 577 F.3d 1366, 1374 (11th Cir. 2009) (no double jeopardy despite substantial overlap in proof required to prove possession and receipt of child pornography because convictions were based on 2 distinct offenses occurring on different dates under different statutes); U.S. v. White, 1 F.3d 13, 16-17 (D.C. Cir. 1993) (no double jeopardy despite substantial overlap in proof required to show passport fraud and aiding and abetting passport fraud because each require different elements than other).

For example, a substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes because a conspiracy charge requires proof of an additional element (i.e., the agreement between multiple parties to commit the underlying substantive crime). *See Felix*, 503 U.S. at 388-89; *see, e.g.*, U.S. v. Gerhard, 615 F.3d 7, 23 (1st Cir. 2010) (no double jeopardy bar to charging both substantive accessory after fact and conspiracy to be accessory after fact that arose from same act because conspiracy and substantive crime each distinct offense); U.S. v. Basciano, 599 F.3d 184, 198-99 (2d Cir. 2010) (no double jeopardy bar to charging racketeering conspiracy after former substantive racketeering conviction because each distinct offense requiring separate proof); U.S. v. Watkins, 339 F.3d 167, 177-78 (3d Cir. 2003) (no double jeopardy bar to proceeding on charge of importing cocaine after charge of conspiracy to import cocaine dismissed because each distinct offense); U.S. v. Sarabia, 661 F.3d 225, 231-32 (5th Cir. 2011) (no double jeopardy bar to charging possession of marihuana after acquittal of conspiracy-to-possess charge because each distinct offense); Murr v. U.S., 200 F.3d 895, 902 (6th Cir. 2000) (no double jeopardy bar to conviction for continuing criminal conspiracy and distribution of cocaine because conspiracy required proof of elements not in distribution); U.S. v. Schiro, 679 F.3d 521, 526-28 (7th Cir. 2012) (no double jeopardy bar to charging racketeering and racketeering conspiracy because each distinct offense); U.S. v. Anderson, 446 F.3d 870, 877 (8th Cir. 2006) (no double jeopardy bar to charging conspiracy to conduct illegal sports-bookmaking business and conducting bookmaking business because each distinct offense); Evanchyk v. Stewart, 340 F.3d 933, 942 (9th Cir. 2003) (no double jeopardy bar to prosecution for conspiracy to commit first-degree murder, though defendant acquitted of first-degree murder, because each distinct offense); U.S. v. Wittig, 575 F.3d 1085, 1098-1101 (10th Cir. 2009) (no double jeopardy bar to charging conspiracy to commit wire fraud after acquittal for substantive wire fraud because each distinct offense); U.S. v. Ibarguen-Mosquera, 634 F.3d 1370, 1382-83 (11th Cir. 2011) (no double jeopardy bar to charging substantive violation of drug-trafficking offense and conspiracy to violate drug trafficking offense because each distinct offense); U.S. v. Hoyle, 122 F.3d 48, 49 (D.C. Cir. 1997) (no double jeopardy bar to charging conspiracy under RICO and charging substantive crime under continuing criminal enterprise because each distinct offense).

If a defendant is charged with two conspiracies containing overlapping proof, courts determine if the conspiracies are the "same offense" based on a totality of the circumstances test that considers the timing, geographic location, participation, overt acts committed, and statutory provisions invoked in each alleged

Ex 6

quence of *Blockburger*, double jeopardy also bars successive prosecutions for greater- and-lesser-included offenses.[1476] A lesser-included offense is one that does not require

conspiracy. *See, e.g.,* U.S. v. Gerhard, 615 F.3d 7, 19-20 (1st Cir. 2010) (no double jeopardy bar to prosecutions for conspiracy to prevent U.S. officer from discharging his duties and conspiracy to interfere with officer while in performance of his duties because legislature intended to create separate offenses); U.S. v. Basciano, 599 F.3d 184, 198-99 (2d Cir. 2010) (no double jeopardy bar to prosecutions for conspiracy to commit murder and racketeering conspiracy because legally distinct offenses); U.S. v. Smith, 82 F.3d 1261, 1267, 1271 (3d Cir. 1996) (no double jeopardy bar to charging 2 conspiracies despite similar locations and "extensive . . . overlap" of time frames because alleged coconspirators not interdependent); U.S. v. Alvarado, 440 F.3d 191, 198-99 (4th Cir. 2006) (no double jeopardy bar to charging 2 conspiracies despite significant overlap because defendant violated state and federal laws); U.S. v. El-Mezain, 664 F.3d 467, 545-51 (5th Cir. 2011) (no double jeopardy bar to charging 2 conspiracies to money launder and violate IEEPA because goals of offenses were not same and key figures were different); U.S. v. Wheeler, 535 F.3d 446, 457-58 (6th Cir. 2008) (no double jeopardy bar to successive prosecutions for drug conspiracies with overlapping conspirators and time periods because initial conspiracy was longer, of different scope and nature, and occurred primarily in different states); U.S. v. Sertich, 95 F.3d 520, 523-26 (7th Cir. 1996) (no double jeopardy bar to successive prosecutions for conspiracy to evade excise taxes because activities involved different time frames, had different purposes, took place in different areas, and participants had different roles and did not depend on each other for success); U.S. v. Abboud, 273 F.3d 763, 767-69 (8th Cir. 2001) (no double jeopardy bar to successive conspiracy charges in different states for assisting unauthorized reception of cable services because totality of circumstances indicated separate conspiracies statutorily authorized); U.S. v. Ziskin, 360 F.3d 934, 948 (9th Cir. 2003) (per curiam) (no double jeopardy bar to charging 2 conspiracies, 1 involving ecstasy and 1 involving cocaine, though time between them short and identical conspirators involved, because 2 distinct criminal enterprises); U.S. v. Hassoun, 476 F.3d 1181, 1185-89 (11th Cir. 2007) (no double jeopardy bar to charging multiple distinct conspiracies, 1 to murder, kidnap, and maim and 1 to provide material support for the first, despite substantial overlap in evidence, because each distinct offense). *But see, e.g.,* U.S. v. Maslin, 356 F.3d 191, 196-97 (2d Cir. 2004) (double jeopardy bars charging conspiracy to distribute marihuana after conviction for conspiracy to distribute cocaine because overt acts, geographic scope, timing, and objectives were similar); U.S. v. Bryan, 896 F.2d 68, 71-72 (5th Cir. 1990) (double jeopardy bars charging conspiracy to sell illegal tax schemes in Texas after trial in Oregon on same charges because overt acts, crime charged, timing, and essential conspirator remained same); U.S. v. Adamo, 742 F.2d 927, 946-47 (6th Cir. 1984) (double jeopardy bars charging conspiracy to distribute cocaine and marihuana in Ohio federal court after conviction for same in Missouri federal court because overlap of locations, overt acts, coconspirators, and time frame indicated only 1 conspiracy); U.S. v. Tercero, 580 F.2d 312, 314 (8th Cir. 1978) (double jeopardy bars charging conspiracy to import and distribute marihuana after acquittal in different court because substantial overlap of dates, locations, personnel, and method of operation indicated only 1 conspiracy); U.S. v. Ohayon, 483 F.3d 1281, 1286-87 (11th Cir. 2007) (double jeopardy bars retrial for conspiracy after acquittal on attempt to possess because both required knowledge defendant acquired drugs).

The Eighth Circuit also requires that both the *Blockburger* and legislative intent tests be met if the government presses charges for overlapping conspiracies. *See* U.S. v. Christner, 66 F.3d 922, 928-29 (8th Cir. 1995) (no double jeopardy bar to prosecution of both concealment and false statement charges because each required element other did not and Congress intended separate offenses). For a discussion of the legislative intent test, see *Multiple Charges and Punishments in Single Prosecutions* in this Section.

1476. *See* Rutledge, 517 U.S. at 307 (1 of 2 concurrent sentences vacated because conviction for conspiracy to distribute narcotics is lesser-included offense of continuing criminal enterprise); *see also* Payne v. Va., 468 U.S. 1062, 1062 (1984) (per curiam) (double jeopardy bars subsequent prosecution for lesser offense following conviction of greater offense because court cannot convict of greater without also convicting of lesser); Ill. v. Vitale, 447 U.S. 410, 420-21 (1980) (case remanded to determine whether separate conviction for failure to reduce speed was lesser-included offense of involuntary manslaughter and thus barred trial for latter), *abrogated on other grounds by* United States v. Dixon, 509 U.S. 688, 704 (1993); Brown v. Ohio, 432 U.S. 161, 169-70 (1977) (conviction for auto theft reversed because barred by defendant's guilty plea and sentence for lesser-included offense of joyriding); *see, e.g.,* Morris v. Reynolds, 264 F.3d 38, 49-50 (2d Cir. 2001) (double jeopardy bars subsequent prosecution for greater offense of felony weapons possession because of guilty plea on lesser-included offense of misdemeanor weapons possession); Rashad v. Burt, 108 F.3d 677, 680-82 (6th Cir. 1997) (double jeopardy bars subsequent prosecution for intent to distribute cocaine after conviction of possessing cocaine); U.S. v. Peel, 595 F.3d 763, 767-68 (7th Cir. 2010) (double jeopardy bars prosecution for both obstruction of justice and bankruptcy fraud because former is lesser-included offense); U.S. v. Robertson, 606 F.3d 943, 950-53 (8th Cir. 2010) (double jeopardy bars prosecution for abusive sexual contact and aggravated sexual abuse because former is lesser-included offense); Wilson v. Czerniak, 355 F.3d 1151, 1155-58 (9th

proof of elements beyond those required by the greater offense.[1477] To determine

(7 Th Cir 1975)

ions for greater-
does not require

ble jeopardy bar to
nspiracy to interfere
: separate offenses);
: to prosecutions for
t offenses); U.S. v.
o charging 2 con-
alleged cocconspira-
double jeopardy bar
d state and federal
y bar to charging 2
: not same and key
uble jeopardy bar to
me periods because
: in different states);
cessive prosecutions
rames, had different
: not depend on each
ble jeopardy bar to
on of cable services
zed]; U.S. v. Ziskin,
ng 2 conspiracies, 1
entical conspirators)
, 1185-89 (11th Cir.
r, kidnap, and maim
dence, because each
double jeopardy bars
oute cocaine because
5 F.2d 68, 71-72 (5th
a Texas after trial in
conspirator remained
arging conspiracy to
Missouri federal court
only 1 conspiracy);
conspiracy to import
p of dates, locations,
on, 483 F.3d 1281,
on attempt to possess

it tests be met if the
.3d 922, 928-29 (8th
se statement charges
). For a discussion of
ons in this Section.
cause conviction for
inal enterprise); see
bsequent prosecution
ict of greater without
nanded to determine
lense of involuntary
l States v. Dixon, 509
or auto theft reversed
f joyriding); see, e.g.;
quent prosecution for
luded offense of mis-
97) (double jeopardy
possessing cocaine);
n for both obstruction
Robertson, 606 F.3d
ontact and aggravated
3d 1151, 1155-58 (9th

Cir. 2004) (double jeopardy bars reprosecution of defendant for greater offense of aggravated felony murder following jury's acquittal for lesser offense of intentional murder, despite hung jury on aggravated felony-murder charge). *But see, e.g.*, U.S. v. Cole, 293 F.3d 153, 161 (4th Cir. 2002) (no double jeopardy bar to prosecution for state drug conspiracy because charge not lesser-included offense of federal continuing criminal enterprise charge); Shute v. Tex., 117 F.3d 233, 238-39 (5th Cir. 1997) (no double jeopardy bar to prosecution for attempted murder following reversal of conviction for capital murder due to insufficient evidence of aggravating element because trier of fact could have found sufficient evidence for lesser charge); U.S. v. Carothers, 630 F.3d 959, 964-65 (9th Cir. 2011) (no double jeopardy bar to retrial on possession with intent to distribute after mistrial on simple possession because erroneous mistrial did not have effect of acquittal); Lambert v. Workman, 594 F.3d 1260, 1262-63 (10th Cir. 2010) (no double jeopardy bar to retrial of felony-murder charges after initial conviction reversed for trial error, though initial convictions for lesser-included predicate felony offenses were affirmed); U.S. v. Ginyard, 511 F.3d 203, 206, 208-10 (D.C. Cir. 2008) (no double jeopardy bar to retrial of possession with intent to distribute after jury found defendant possessed "detectable amount" of cocaine and court of appeals remanded for retrial on separate grounds).

The Fifth Circuit has held that a conviction for a lesser offense that is subsequently set aside on appeal does not prevent prosecution of a greater charge not considered at the first trial. *See Lowery v. Estelle,* 696 F.2d 333, 341-42 (5th Cir. 1983) (first determination of guilt on lesser charge of robbery by assault did not bar subsequent charge of use of firearm). However, the Seventh Circuit has held that a conviction for a lesser offense that is subsequently overturned on appeal does prevent prosecution of a greater charge not considered at the first trial. *See* U.S. v. Anderson, 514 F.2d 583, 586-87 (7th Cir. 1975) (double jeopardy bars prosecution for greater charge of assault while committing bank robbery, following conviction for lesser charge of bank robbery that was subsequently overturned on appeal).

1477. *See Brown*, 432 U.S. at 167-68 (joyriding is lesser-included offense of auto theft because joyriding did not require proof of elements beyond those required for auto theft); *see, e.g.*, U.S. v. Garcia-Ortiz, 657 F.3d 25, 28-29 (1st Cir. 2011) (double jeopardy bars separate convictions for aiding and abetting unlawful carrying and use of firearm during armed robbery and aiding and abetting death of accomplice in commission of armed robbery because first count is lesser-included offense of second); U.S. v. Midgett, 488 F.3d 288, 302 (4th Cir. 2007) (double jeopardy bars separate convictions for bank robbery by force and jeopardizing life of another with weapon during bank robbery because first count is lesser-included offense of second); U.S. v. Ogba, 526 F.3d 214, 236-37 (5th Cir. 2008) (double jeopardy bars separate convictions for healthcare fraud and illegal remuneration because jury verdict did not indicate whether healthcare fraud was based on different theory than illegal remuneration, a lesser-included offense); U.S. v. Swafford, 512 F.3d 833, 844-47 (6th Cir. 2008) (double jeopardy bars separate convictions for possession of iodine knowing it would be used to manufacture methamphetamine and unlawful distribution of iodine knowing it would be used to manufacture methamphetamine because first is lesser-included offense of second); U.S. v. Peel, 595 F.3d 763, 767 (7th Cir. 2010) (double jeopardy bars convictions for both obstruction of justice and bankruptcy fraud because proving obstruction of justice required nothing beyond that required for bankruptcy fraud, making it lesser-included offense); U.S. v. Mann, 701 F.3d 274, 286 (8th Cir. 2012) (double jeopardy bars separate convictions for possession of machinegun and possession of unregistered machinegun because first count is lesser-included offense of second); U.S. v. Wahchumwah, 710 F.3d 862, 870 (9th Cir. 2013) (offer to sell eagle plumes is lesser-included offense of actual sale because first offense required no additional statutory elements of proof); U.S. v. Benoit, 713 F.3d 1, 13-14 (10th Cir. 2013) (double jeopardy bars separate convictions for possession of child pornography and receipt of child pornography because first count is lesser-included offense of second); U.S. v. McGarity, 669 F.3d 1218, 1253-54 (11th Cir. 2012) (double jeopardy bars separate convictions for knowingly and willfully engaging in child exploitation enterprise and conspiracy to commit acts underlying child exploitation enterprise because second count is lesser-included offense of first). *But see, e.g.*, U.S. v. Pratt, 533 F.3d 34, 38 (1st Cir. 2008) (no double jeopardy bar to successive prosecutions for drug conspiracy and money laundering because each required proof of fact other did not); U.S. v. Alfisi, 308 F.3d 144, 153 (2d Cir. 2002) (no double jeopardy bar to subsequent charge of bribery after charge of misdemeanor offense of supplementing salary of U.S. official where former contains element that is not element of latter); U.S. v. Gebbie, 294 F.3d 540, 544 (3d Cir. 2002) (no double jeopardy bar to successive prosecutions for conspiracy to commit mail fraud and misprision because each required proof of fact other did not); U.S. v. Williams, 155 F.3d 418, 421 (4th Cir. 1998) (no double jeopardy bar to successive prosecutions despite dual charges arising from single aid of racketeering conspiracy because determination that murder in aid of racketeering is lesser-included offense requires showing of statutory elements of proof rather than same underlying act or conduct); Robertson v. Morgan, 227 F.3d 589, 593-94 (6th Cir. 2000) (no double jeopardy bar to prosecution for aggravated robbery following assault conviction because assault not lesser-included offense of robbery); U.S. v. Hassebrock, 663 F.3d 906, 917 (7th Cir. 2011) (no double jeopardy bar to charges of willful failure to file and tax evasion because each is separate offense); U.S. v. Burman, 666 F.3d 1113, 1117-18 (8th Cir. 2012)

76 LED 306, 284 US 299  BLOCKBURGER v. UNITED STATES.

### HARRY BLOCKBURGER, Petitioner,

*vs.*

### UNITED STATES OF AMERICA.

[76 L Ed 306] (284 US 299-305.)

[No. 374.]

Argued and submitted November 24, 1931.  Decided January 4, 1932.

### HEADNOTES

#### Classified to U.S. Supreme Court Digest, Lawyers' Edition

**Criminal Law,  7 - separate offenses - sales of narcotics to same purchaser on same occasion.**

1. Although a second sale of a narcotic drug is made to the same purchaser, with no substantial interval of time between the delivery of the drug in the first transaction and payment for the second quantity sold, the two sales are not a single continuing offense, but separate violations of the Harrison Narcotic Act, chap. 1, 1, 38 Stat. at L. 785, as amended by chap. 18, 1006, 40 Stat. at L. 1057, 1131 (U. S. C. title 26, 692) and chap. 1, 2, 38 Stat. at L. 785, 786 (U. S. C. title 26, 696), penalizing any sale of the forbidden drugs in the absence either of appropriate revenue stamps on the package from which or in which the drug is sold, or of a written order of the person to whom the drug is sold.

**Criminal Law,  7 - separate offenses - single sale violating separate provisions of Narcotic Act.**

2. A single sale in violation of both the requirement of the Harrison Narcotic Act that sales shall be in or from the original stamped package, and the requirement of a written order of the purchaser to whom the drug is sold, constitutes separate offenses for each of which a penalty may lawfully be imposed.

**Criminal Law,  7 - separate offenses - test of existence.**

3. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses, or only one, is whether each provision requires proof of an additional fact which the other does not.

**Criminal Law,  7 - separate offenses - force of penalty clause.**

4. A provision in a penal statute that any person "who violates or fails to comply with any of" its requirements shall be punished as therein specified is not <*pg. 307> construable as imposing a single punishment for the violation, by a single act, of separate requirements.

*Page 1 of 5*                                    *Exhibit F 7*

Mr. Justice Sutherland delivered the opinion of the Court.

The petitioner was charged with violating provisions of the Harrison Narcotic Act: [December 17, 1914] chap. 1, 1, 38 Stat. at L. 785, as amended by [February 24, 1919], chap. 18, 1006, 40 Stat. at L. 1057, 1131, (U. S. C. title 26, 692);1 and chap. 1, 2, 38 Stat. at L. 785, 786, as amended.(U. S. C. title 26, 696).2   The indictment

[284 US 301]

contained five counts.  The jury returned a verdict against petitioner upon the second, third and fifth counts only.  Each of <*pg. 308> these counts charged a sale of morphine hydrochloride to the same purchaser.  The second count charged a sale on a specified day of ten grains of the drug not in or from the original stamped package; the third count charged a sale on the following day of eight grains of the drug not in or from the original stamped package; the fifth count charged the latter sale also as having been made not in pursuance of a written order of the purchaser as required by the statute.  The court sentenced petitioner to five years' imprisonment and a fine of $2,000 upon each count, the terms of imprisonment to run consecutively; and this judgment was affirmed on appeal. 50 F.2d 795.

The principal contentions here made by petitioner are as follows:  (1) that, upon the facts, the two sales charged in the second and third counts as having been made to the same person, constitute a single offense; and (2) that the sale charged in the third count as having been made not from the original stamped package, and the same sale charged in the fifth count as having been made not in pursuance of a written order of the purchaser, constitute but one offense for which only a single penalty lawfully may be imposed.

[1]One.  The sales charged in the second and third counts, although made to the same person, were distinct and separate sales made at different times.  It appears from the evidence that shortly after delivery of the drug which was the subject of the first sale, the purchaser paid for an additional quantity, which was delivered the next day.  But the first sale had been consummated, and the payment for the additional drug, however closely following, was the initiation of a separate and distinct sale completed by its delivery.

The contention on behalf of petitioner is that these two sales, having been made to the same purchaser and

[284 US 302]

following each other with no substantial interval of time between the delivery of the drug in the first transaction and the payment for the second quantity sold, constitute a single continuing offense.  The contention is unsound.  The distinction between the transactions here involved and an offense continuous in its character is well settled, as was pointed out by this court in the case of Re Snow, 120 U. S. 274, 30 L. ed. 658, 7 S. Ct. 556.  There it was held that the offense of cohabiting with more than one woman, created by the Act of March 22, 1882, chap. 47, 22 Stat. at L. 31, was a continuous offense, and was committed, in the sense of the statute, where there was a living or dwelling together as husband and wife.  The court said (pp. 281, 286):

order of the person to whom the drug is sold.  Thus, upon the face of the statute, two distinct offenses are created.  Here there was but one sale, and the question is whether, both sections being violated by the same act, the accused committed two offenses or only one.

The statute is not aimed at sales of the forbidden drugs qua sales, a matter entirely beyond the authority of Congress, but at sales of such drugs in violation of the requirements set forth in 1 and 2, enacted as aids to the enforcement of the stamp tax imposed by the act.  See Alston v. United States, 274 U. S. 289, 294, 71 L. ed. 1052, 1054, 47 S. Ct. 634; Nigro v. United States, 276 U. S. 332, 341, 345, 351, 72 L. ed. 600, 603, 604, 607, 48 S. Ct. 388.

[3]Each of the offenses created requires proof of a different element.  The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.  Gavieres v. United States, 220 U. S. 338, 342, 55 L. ed. 489, 490, 31 S. Ct. 421, and authorities cited.  In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Com. 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."  Compare Albrecht v. United States, 273 U. S. 1, 11, 12, 71 L. ed. 505, 510, 511, 47 S. Ct. 250, and cases there cited.  Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed.

The case of Ballerini v. Aderholt (C. C. A. 5th) 44 F.2d 352, is not<*pg. 310>  in harmony with these views and is disapproved.

[4][5]Three.  It is not necessary to discuss the additional assignments of error in respect of cross-examination, admission of testimony, statements made by the district

[284 US 305]

attorney to the jury claimed to be prejudicial, and instructions of the court.  These matters were properly disposed of by the court below.  Nor is there merit in the contention that the language of the penal section of the Narcotic Act, "any person who violates or fails to comply with any of the requirements of this act" shall be punished, etc., is to be construed as imposing a single punishment for a violation of the distinct requirements of 1 and 2 when accomplished by one and the same sale.  The plain meaning of the provision is that each offense is subject to the penalty prescribed; and if that be too harsh, the remedy must be afforded by act of Congress, not by judicial legislation under the guise of construction.  Under the circumstances, so far as disclosed, it is true that the imposition of the full penalty of fine and imprisonment upon each count seems unduly severe; but there may have been other facts and circumstances before the trial court properly influencing the extent of the punishment.  In any event, the matter was one for that court, with whose judgment there is no warrant for interference on our part.

Judgment affirmed.

## FOOTNOTES

"It is, inherently, a continuous offence, having duration; and not an offence consisting of an isolated act. . . . .

"A distinction is laid down in adjudged cases and in textwriters between an offence continuous in its character, like the one at bar, and a case where the statute is aimed at an offence that can be committed uno ictu."

The Narcotic Act does not create the offense of engaging in the business of selling the forbidden drugs, but penalizes any sale made in the absence of either of the qualifying requirements set forth. Each of several successive sales constitutes a distinct offense, however closely they may follow each other. The distinction stated by Mr. Wharton is that "when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie." Whart. Crim. Law, 11th ed. 34. Or, as stated in note 3 to that section, "The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately . . . If the latter, there can be but one penalty."

[284 US 303]

In the present case, the first transaction, resulting in a sale, had <*pg. 309> come to an end. The next sale was not the result of the original impulse, but of a fresh one-that is to say, of a new bargain. The question is controlled, not by the Snow Case, but by such cases as that of Ebeling v. Morgan, 237 U. S. 625, 59 L. ed. 1151, 35 S. Ct. 710. There the accused was convicted under several counts of a wilful tearing, etc., of mail bags with intent to rob. The court (p. 628) stated the question to be, "whether one who, in the same transaction, tears or cuts successively mail bags of the United States used in conveyance of the mails, with intent to rob or steal any such mail, is guilty of a single offense or of additional offenses because of each successive cutting with the criminal intent charged." Answering this question, the court, after quoting the statute, 189, Criminal Code, (U. S. C. title 18, 312) said (p. 629):

"These words plainly indicate that it was the intention of the lawmakers to protect each and every mail bag from felonious injury and mutilation. Whenever any one mail bag is thus torn, cut or injured, the offense is complete. Although the transaction of cutting the mail bags was in a sense continuous, the complete statutory offense was committed every time a mail bag was cut in the manner described, with the intent charged. The offense as to each separate bag was complete when that bag was cut, irrespective of any attack upon, or mutilation of, any other bag."

See also Re Henry, 123 U. S. 372, 374, 31 L. ed. 174, 175, 8 S. Ct. 142; Re De Bara, 179 U. S. 316, 320, 45 L. ed. 207, 209, 21 S. Ct. 110; Badders v. United States, 240 U. S. 391, 394, 60 L. ed. 706, 708, 36 S. Ct. 369; Wilkes v. Dinsman, 7 How. 89, 127, 12 L. ed. 618, 635; United States v. Daugherty, 269 U. S. 360, 70 L. ed. 309, 46 S. Ct. 156; Reg. v. Scott, 4 Best & S. 368, 373, 122 Eng. Reprint, 497.

[2]Two. Section 1 of the Narcotic Act creates the offense of selling any of the forbidden drugs except in or from the original stamped package; and 2 creates the offense of selling any of such drugs not in pursuance of a written

[284 US 304]

*Jo Anne Anderson* 8-28-90

STATE OF OHIO, } SS.
CUYAHOGA COUNTY

IN THE COURT OF COMMON PLEAS

MAY TERM, 19 90

TO-WIT: AUGUST 08, 19 90

STATE OF OHIO    PLAINTIFF

NO. CR-249938

VS.

INDICTMENT REC. STOL. PROP. W/SPECS

ROGER PRINGLE

DEFENDANT

## JOURNAL ENTRY

NOW COMES THE PROSECUTING ATTORNEY ON BEHALF OF THE STATE OF OHIO AND THE DEFENDANT, ROGER PRINGLE, IN OPEN COURT WITH HIS/HER COUNSEL PRESENT AND WAS FULLY ADVISED OF HIS/HER CONSTITUTIONAL RIGHTS. ON RECOMMENDATION OF THE PROSECUTOR INDICTMENT AMENDED TO DELETE THE SPECIFICATIONS.

THEREUPON, SAID DEFENDANT RETRACTS HIS/HER FORMER PLEA OF NOT GUILTY HERETOFORE ENTERED, AND FOR PLEA TO SAID INDICTMENT SAYS HE/SHE IS GUILTY OF RECEIVING STOLEN PROPERTY, R. C. 2913.51 (F-4) AS AMENDED IN THE INDICTMENT, WHICH PLEA/PLEAS, ON THE RECOMMENDATION OF THE PROSECUTING ATTORNEY IS/ARE ACCEPTED BY THE COURT.

IT IS FURTHER ORDERED THAT SAID DEFENDANT BE REFERRED TO THE PROBATION DEPARTMENT FOR PRE-SENTENCE INVESTIGATION AND REPORT. REFER FOR ALCOHOL AND DRUG ASSESSMENT.

RECEIVED FOR FILING

AUG 14 1990

GERALD E. FUERST

BY _____ DEP.

CB 08/08/90 07:59    VOL 956 PG 925

JUDGE _____

DANIEL O CORRIGAN

COPIES SENT TO:

☐ Sheriff _____

☐ Defendant _____

☐ Other _____

THE STATE OF OHIO } SS. I, GERALD E. FUERST, CLERK OF
Cuyahoga County } THE COURT OF COMMON PLEAS
WITHIN AND FOR SAID COUNTY.
HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY
TAKEN AND COPIED FROM THE ORIGINAL
_____ F. W. T. M.
NOW ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL OF SAID COURT THIS 11TH
DAY OF _____ A.D. 20 ___
GERALD E. FUERST, Clerk
By _____ Deputy

*ohio. Felony law.*
*1-2-3-4.*
*A B C D*

*ohio case.*

*Exhibit #8*

# CASE SUMMARY
## CASE NO. 03D01-1109-FD-005086

State Vs Roger Pringle

§
§
§
§
§
§
§

Location: **Bartholomew Superior Court 1**
Judicial Officer: **Worton, James D.**
Filed on: **09/22/2011**
Case Number History: **03C01-1109-FD-005086**
Legacy System Number: **C111FD05086**

---

### CASE INFORMATION

| Offense | Citation | Statute | Deg | Date | Case Type: | FD - Class D Felony |
|---|---|---|---|---|---|---|
| 1. THEFT- | N/A | 35-43-4-2(a) | FD | 08/13/2011 | Case Status: | **11/29/2017  Pending** |
| 2. BURGLARY- Break And Enter Dwelling | N/A | 35-43-2-1 | FB | 08/13/2011 | | |

**Statistical Closures**
10/17/2013     Transferred Out
10/17/2013     Transferred Out
10/17/2013     Bench Disposition

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number              03D01-1109-FD-005086
Court                    Bartholomew Superior Court 1
Date Assigned            05/18/2017
Judicial Officer         Worton, James D.

---

### PARTY INFORMATION

*Attorneys*

**State Plaintiff**     **State of Indiana**

**Nash, William Moss**
*234 Washington Street*
*Columbus, IN 47201*
criminalpros@bartholomew.in.gov

**Defendant**     **Pringle, Roger**
*3052 Amber Way*
*Bargersville, IN 46106*
*DOB: 10/27/1958 Age: 52*
*Other Agency Number: 199010 Indiana Department of Correction*

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/22/2011 | Converted Event<br>*docket level comment: THEFT* | |
| 09/22/2011 | Converted Event<br>*Transfer date/AKA Date Filed Date: 2011-09-22* | |
| 09/22/2011 | Converted Event<br>*Probable Cause Affidavit and Information filed. (RJO? N) | JTS Minute Entry Date: 09/22/2011* | |
| 09/27/2011 | Converted Event<br>*Warrant valid until served issued. BOND SET $25,000.00 OR 10% CASH (RJO? N) | JTS Minute Entry Date: 09/27/2011* | |


EXHIBIT 10   Page 3

# CASE SUMMARY
## CASE NO. 03D01-1109-FD-005086

| | |
|---|---|
| 02/21/2012 | Converted Event<br>*STATE'S WITNESS LIST; STATE'S EXHIBIT LIST; FILED (RJO? N) | JTS Minute Entry Date: 02/20/2012* |
| 02/23/2012 | Converted Event<br>*DEFT FILED PRELIMINARY WITNESS LIST STATE FILED AMENDED COUNT III, HABITUAL OFFENDER (RJO? N) | JTS Minute Entry Date: 01/30/2012* |
| 02/23/2012 | Converted Event<br>*COURT CONTINUES FINAL PT/CHANGE PLEA FROM 3/19/12 DUE TO JUDGE BEING UNAVAILABLE; RESET FOR 3/26/12 AT 10:45 AM (RJO? N) | JTS Minute Entry Date: 02/22/2012* |
| 03/05/2012 | Converted Event<br>*Calendar: INITIAL HEARING (Time: 11:00:00)* |
| 03/08/2012 | Converted Event<br>*INITIAL HEARING HELD ON COUNT II FILED 11/23/11 AND AMENDED COUNT III FILED 1/30/12. AGREEMENT LETTER FILED. DEFT FILED WAIVER OF RIGHTS AND PLEADS GUILTY TO COUNT II, BURGLARY, CLASS B FELONY. PSI ORDERED. SENTENCING SET: 04/04/12 AT 3:30 PM (RJO? N) | JTS Minute Entry Date: 03/05/2012* |
| 03/19/2012 | Converted Event<br>*Calendar: CHANGE OF PLEA (Time: 10:45:00) Hearing Code: (C)* |
| 03/30/2012 | Converted Event<br>*Pre-Sentence Investigation Report filed. (RJO? N) | JTS Minute Entry Date: 03/29/2012* |
| 04/04/2012 | Converted Event<br>*Calendar: SENTENCING (Time: 15:30:00)* |
| 04/06/2012 | Converted Event<br>*DEFT SENTENCED TO DOC FOR 18 YEARS. NO TIME SUSPENDED. DEFT SERVED 191 ACTUAL JAIL DAYS FOR 382 DAYS CREDIT (09/27/11-04/04/12) $165 COURT COSTS ENTERED AS CIVIL JUDGMENT AGAINST DEFT RESTITUTION OF $4,620.00 FOR LEANNE YORK AND EXTRADITION COSTS OF $416.32 FOR BARTHOLOMEW COUNTY BOTH ENTERED AS CIVIL JUDGMENTS AGAINST DEFT. ALL OTHER COUNTS DISMISSED ON STATE'S ORAL MOTION APPOINTMENT OF PUBLIC DEFENDER TERMINATED DEFT REMANDED TO CUSTODY OF SHERIFF FOR IMPOSITION OF SENTENCE (RJO? N) | JTS Minute Entry Date: 04/04/2012* |
| 04/06/2012 | Converted Event<br>*Disposition: Guilty Plea/Admissions. (RJO? N) | JTS Minute Entry Date: 04/04/2012* |
| 04/17/2012 | Converted Event<br>*Calendar: JURY TRIAL (Time: 09:00:00) Hearing Code: (D)* |
| 06/05/2012 | Converted Event<br>*MOTION FOR GUILTY PLEA TRANSCRIPE AND RECORD OF PROCEEDINGS; FILED BY ROGER PRINGLE PROSE (RJO? N) | JTS Minute Entry Date: 06/04/2012* |
| 06/05/2012 | Converted Event<br>*Redocketed. DEFT FILED MOTN FOR GUILTY PLEA TRANSCRIPT AND RECORD OF PROCEEDINGS (RJO? N) | JTS Minute Entry Date: 06/04/2012* |
| 06/14/2012 | Converted Event<br>*COURT FINDS THERE IS NO ACTION PENDING BEFORE THE COURT REQUIRING SUCH A RECORD AND DENIES DEFT'S REQUEST FOR TRANSCRIPT AT NO EXPENSE TO THE DEFT. TRANSCRIPT WILL BE PREPARED AT DEFT'S EXPENSE UPON HIS REQUEST AND PAYMENT OF ESTIMATED COSTS. (RJO? N) | JTS Minute Entry Date: 06/07/2012* |

```
 1   STATE OF INDIANA    )  BARTHOLOMEW SUPERIOR COURT I
 2                       )  SS:
 3   BARTHOLOMEW COUNTY  )  CAUSE NO.03D01-1109-FA-5086
 4
 5
 6   STATE OF INDIANA              )
 7                                 )
 8        vs.                      )
 9                                 )
10   ROGER PRINGLE,                )
11              Defendant          )
12
13
14
15
16
17          INITIAL AND GUILTY PLEA HEARING
18
19        TRANSCRIPT OF Roger Pringle's initial and
20   plea hearings in the above-captioned cause on the
21   5ᵗʰ day of March, 2012, before the Honorable Chris
22   D. Monroe, Judge of said Court.
23
24                      Teresa Million
25                   OFFICIAL COURT REPORTER
26
27
```

NO Appeal Pages 24-87

EXHIBIT # 11

1

```
1              A  P  P  E  A  R  A  N  C  E  S

2

3

4

5

6    Bartholomew County Prosecutors Office
7    Kelly Benjamin, Deputy Prosecutor
8    234 Washington Street
9    Columbus, Indiana 47201
10
11            On behalf of the State
12
13
14
15
16
17   Mr. Aaron Edwards
18   722 Third Street
19   Columbus, Indiana 47201
20
21            On behalf of the Defendant
22
23
24
25
26
27
28
29              Teresa L. Million
30          OFFICIAL COURT REPORTER

31
32
33
34
35
```

1          THE COURT:  This is the 03D01-1109-FD-5086.

2     We have the State, by Deputy Prosecuting

3     Attorney, Mrs. Benjamin.  Mr. Pringle is

4     present in person and with counsel, Mr.

5     Edwards.  He is...Mr. Pringle is in the custody

6     of the Sheriff's Department.  There was an

7     Amended Information filed on a Habitual

8     Offender, back on January thirtieth.  Mr.

9     Edwards have you received a copy of that?

10          MR. EDWARDS:  I think so.

11          THE COURT:  Should be, State should have

12     sent a copy to you.  Mr. Pringle I would advise

13     you that Amended Count Three...

14          MR. EDWARDS:  Yes we have it, we have it.

15          THE COURT:  Okay.  Just...sometimes it is

16     helpful if he can read along as I advise him.

17     This is a Habitual Offender allegation.  This

18     says that on or about June second, two thousand

19     and nine, in..that you were convicted of a

20     felony of Intimidation, as a Class D felony, in

21     Marion County, criminal court, in cause number

22     49G16-0702-FD-025955 and that the offense was

23     committed on, in February of two thousand and

24     seven.  It says that on or about July

3

1  sixteenth, two thousand and seven, you were

2  convicted of the felony of, Operating While

3  Intoxicated, as a Class D felony in Hancock

4  County Circuit Court, in cause number 30C01-

5  0707-FD-00165, and that offense was committed

6  on July fourteenth, two thousand and seven.

7  Paragraph three alleges that on or about July

8  twenty-third, two thousand and nine you were

9  convicted of the felony of Intimidation, a

10  Class D felony, in Hancock County Circuit

11  Court, in cause number 30C01-0808-FD-00144, and

12  that offense was committed on August first, two

13  thousand and eight.  Paragraph four says that

14  on or about September fifth, nineteen ninety

15  you were convicted of a felony, Receiving

16  Stolen Property, as a felony, in Cuyahoga

17  County, Ohio, in cause number CR-90-249938-ZA,

18  and that offense occurred on or about February

19  twenty-first, two thousand and ninety.

20  (misstatement by Court should be 1990)

21  Paragraph five alleges that on or about August

22  eighth, nineteen ninety-one, in Bar…you were

23  convicted of a felony of Theft, as a felony, in

24  Cuyahoga County, Ohio, in cause number CR-91-

1    261719-ZA, and that offense was committed on

2    December seventeenth, nineteen ninety.  And

3    that in paragraph six, it alleges that on or

4    about August seventh, nineteen eighty-nine, you

5    were convicted of a felony of Burglary and

6    Felonious Assault, as a felony in Cuyahoga

7    County, Ohio, in cause number CR-88-230584-ZA,

8    and that offense was committed in August tenth,

9    nineteen ninety-eight.  Do you understand what

10   the allegations are?

11        DEFENDANT PRINGLE:  Yes, Your Honor.

12        THE COURT:  If you are found to have

13   committed two or more prior and unrelated

14   felonies, after you are convicted of one of the

15   underlining felonies in this case, then the

16   Court could order a sentence of up to three

17   times the presumptive sentence, for the change

18   in this case.  Now you are charged with Theft,

19   as a D felony, so if you were convicted of

20   that, and you have to be convicted of that

21   before you can be found to be a Habitual

22   Offender.  If you are found not guilty, the

23   Habitual Offender uh goes away.  Now there was…

24        MR. EDWARDS:  They added Burglary.

1     THE COURT:  ...a second count?

2     MR. EDWARDS:  They added Burglary, as a B

3  felony.

4     THE COURT:  Okay.  Do you know when that was

5  filed?  Uh, let's see, it looks like, okay

6  November twenty-third, okay.  So, uh you have a

7  count two also, and so...did we have an initial

8  hearing on that?  I don't...I don't think I see

9  it.

10    DEFENDANT PRINGLE:  No.

11    THE COURT:  Okay.  Well let's look at that

12  one too.  Under count two the charge is

13  Burglary, a B felony, and this alleges that on

14  or about August thirteenth, two thousand and

15  eleven, in Bartholomew County, Indiana, that

16  you did break and enter the dwelling of Leeann

17  York, and that you did that with the intent to

18  commit a felony, therein, the felony being

19  Theft.  Do you understand what the allegations

20  under that charge are?

21    DEFENDANT PRINGLE:  Yes, sir.

22    THE COURT:  A "B" felony has a maximum of

23  twenty years a minimum of six, presumptive,

24  advisory sentence is ten years.  Now, if you

1    are convicted of either the Theft or the

2    Burglary, then the Court would have…well

3    presuming the State still wants it, I'm sure

4    that they would, uh we would have a second part

5    of the trial, it's a bifurcated process, to see

6    if you are also a Habitual Offender.  So you

7    have to be convicted of one of the other two

8    felonies, before we can proceed to the Habitual

9    issue.  Habitual is not something that can just

10   be found standing alone.  If you are convicted

11   on the B felony you could get an additional

12   thirty years enhancement, based on the Habitual

13   Offender, if you are convicted of the D felony,

14   you could receive an additional enhancement of

15   four and a half years.  Okay.  So if you are

16   only convicted of the D felony, the maximum

17   total sentence would be seven and a half years.

18   If you are convicted of the B felony and the D

19   felony, you could receive twenty, up to twenty

20   years on the B, up to three years on the D

21   felony, and then an additional fifty years, for

22   a total of fifty-three years total.  Do you

23   understand that?  The Habitual Offender is not

24   done on both counts, it is one or the other.

1    Alright.  Now the Court will show a denial of

2    that allegation and we will keep the matter uh

3    on the Court's calendar, as previously

4    scheduled at this point.  Anything else we need

5    to address today, with Mr. Pringle?  Mr.

6    Edwards?

7         MR. EDWARDS:  He has handed me a signed uh

8    plea offer, so he may want to go ahead and

9    plead today.  I would need to do a waiver of

10   rights form.

11        THE COURT:  Okay.  Well why don't you take

12   him over to the side and get that done, and

13   then we'll see where we, we get with that.

14        (INITIAL HEARING COMPLETED)

15        (PLEA HEARING HELD)

16        THE COURT:  Okay.  I need Mr. Pringle back.

17   Alright, this is 03D01-1109-FD-5086.  Mr.

18   Pringle, if you would just a seat right up

19   there at counsel table.  We have the State, by

20   Prosecuting Attorney, Mrs. Benjamin.  Mr.

21   Pringle is present in person and with counsel,

22   Mr. Edwards.  This matter is before the Court

23   today for purposes of entering a Change of

1    Plea.  Mr. Pringle I need to have you raise

2    your right hand.

3        R O G E R   M.   P R I N G L E, after having

4    been first duly sworn was examined and

5    testified as follows.

6    **DEFENDANT PRINGLE:** Yes, Your Honor.

7    **QUESTIONS BY THE COURT**

8    Q  Okay.  State your name please?

9    A  Roger Pringle.  P R I N G L E.

10   Q  How old are you, sir?

11   A  Fifty-three.

12       THE COURT:  Mr. Pringle before this court

13   can accept a plea of guilty from you I must be

14   satisfied that you fully understand your

15   constitutional rights, that your plea is made

16   freely and voluntarily, and that you are in

17   fact guilty.  I will need to ask you some

18   questions and hear some evidence.  If you do

19   not understand any of the words that I use or

20   any of the questions that I ask you let me know

21   and I will explain those to you.  You may also

22   consult with your attorney at any time that you

23   would feel the need to do so.

1   Q   Now sir, have you ever been treated for any

2       mental illness?

3   A   Excuse me?

4   Q   Have you ever been treated for any mental

5       illness?

6   A   No, sir.  Or correction.

7       THE COURT:  I'm sorry.

8   A   Correction, I was going up to IU, on uh,

9       Meridian for uh, Psychological Evaluations, uh

10      I have a Doctor up there.

11  Q   Okay.  Well, uh do you…did you get any kind of

12      diagnoses or preliminary diagnoses?

13  A   I was (inaudible)on at the time, I had left

14      town, I was still going to see them, but…uh,

15      they have…

16  Q   I'm sorry?

17  A   …they have…

18  Q   Well the purpose for the Court's questions is

19      that I need to make sure that you can

20      understand what we are doing here and that your

21      plea is made freely and voluntarily, so that…

22  A   Yes, sir, I am mentally stable.

23  Q   Okay.  Are you..do you think you are still

24      suffering from something?

1   A  Well it has been a rough life, you know.

2   Q  Okay.  Well do you think it is depression,

3      maybe?

4   A  Yes, sir, I was on depression pills.

5   Q  Alright.  Have you ever been diagnosed with

6      like schizophrenia or anything like that?

7   A  Uh, yeah, I have some fears of some people

8      walking behind me and so on.

9   Q  Well paranoia, by itself is not uh necessarily

10     schizophrenia.

11  A  Yes.  Yes.

12  Q  That is a type of schizophrenia.  I'm sorry?

13  A  I guess not.

14  Q  Okay.  Well can you understand what we are

15     doing here today?

16  A  Yes, sir.

17  Q  Alright.  If uh for some people how fast we go

18     can be a problem, so if I go to quickly let me

19     know.

20  A  You are fine.

21  Q  I do this all the time, so I can fly through it

22     pretty quickly.  Uhm, are you presently taking

23     any medication?

24  A  Just for my back right now.

1   Q  Okay.  Is that pain medication?

2   A  Yes, sir.

3   Q  What are you taking?

4   A  Uhm, I'm not sure, the Doctor here prescribed

5      it, it is a little yellow pill.

6   Q  Well is it Tylenol, or something stronger?

7   A  No, more stronger than that, uh 5.7 something

8      or other.

9   Q  Okay.  Well uhm, but even with that medication

10     you think you understand what we are doing?

11  A  Yes, sir.

12  Q  Is it you intention to plead guilty here today?

13  A  Yes, it is.

14  Q  Now, Mr. Pringle, I advise you that you have

15     the right to a public and speedy trial by

16     jury.  Do you understand that?

17  A  Yes, sir.

18  Q  You have the right to see, hear, question and

19     cross-examine any witnesses that might testify

20     against you.  Do you understand that?

21  A  Yes, sir.

22  Q  You have the right to have witnesses com and

23     testify for you and if you wish the Court can

24     issue orders or subpoenas to persons,

1    requiring them to appear and testify.  Do you

2    understand that?

3  A  Yes, sir.

4  Q  The State of Indiana must prove beyond a

5    reasonable doubt that you committed a crime

6    before you can be convicted of the crime, at

7    trial.  Do you understand that?

8  A  Yes, sir.

9  Q  You cannot be required to make any statements

10   outside of Court or testify in Court, about

11   the facts of this case.  If you give up that

12   right, anything that you say can be used

13   against you, that is your right to remain

14   silent.  Do you understand that?

15  A  Yes, sir.

16  Q  When you plead guilty you give up all of these

17   rights.  Do you understand that?

18  A  Yes, sir.

19  Q  If you went to trial and if you were convicted

20   you would have the right to appeal the

21   conviction to either the Court of Appeals or

22   to the Supreme Court of this State.  Do you

23   understand that?

24  A  Yes, sir.

1   Q   When you plea guilty you give up the right to

2       appeal the conviction, but you retain the

3       right to appeal any sentence you might

4       receive.  Do you understand that?

5   A   Yes, sir.

6   Q   You have the right to be represented by an

7       Attorney at all stages of this proceeding,

8       including a trial and an appeal.  If at any

9       time you could not afford an attorney one can

10      be appointed for you at no expense to you.  Do

11      you understand that?

12  A   Yes, sir.

13  Q   It is the Court's understanding that you are

14      pleading guilty to added count two, which we

15      just discussed earlier.  But I will mention it

16      again, the specific allegation under Count two

17      are, that on or about August thirteenth, two

18      thousand eleven in Bartholomew County, Indiana,

19      that you did break and entry the dwelling of

20      Leeann York and that you did that with the

21      intent to commit a felony, in the dwelling, the

22      felony being theft.  Now those are the facts

23      that the State is required to prove, beyond a

1    reasonable doubt, before you could be convicted

2    of the crime at trial.  Do you understand that?

3  A  Yes, sir.

4  Q  When you plead guilty, you are admitting that

5    you did commit the crime.  Do you understand

6    that?

7  A  Yes, sir.

8  Q  When you plead guilty the Court will find you

9    guilty, will enter a judgment of conviction

10    against you, you will be sentenced and there

11    will not be a trial in your case.  Do you

12    understand that?

13  A  Yes, sir.

14  Q  The crime that you are pleading guilty to is a

15    Class "B" felony.  A Class "B" felony has a

16    basic or advisory sentence of ten years.  The

17    maximum is twenty and the minimum is six.  The

18    maximum fine is ten thousand dollars and the

19    minimum fine is no fine.  Do you have any

20    questions about the possible penalties?

21  A  No, sir.

22  Q  The Court will consider a number of factors to

23    determine what sentence you should receive in

24    this case.  Among the most important factors

1  the Court will consider is your criminal

2  record.  A criminal record consists of felony

3  and misdemeanor convictions and juvenile

4  delinquency adjudications, assuming that the

5  Habitual Offender is accurate, it sounds like

6  you have a significant criminal record.  The

7  existence of your criminal record can increase

8  any sentence that you might receive, between

9  the six and twenty years.  And could prevent

10  the Court from suspending some portion of the

11  sentence.  Do you understand that?

12  A  Yes, sir.

13  Q  Okay.  Are you now on Parole, Probation, or

14     under a suspended sentence?

15  A  No, sir.

16  Q  Do you have any other criminal cases pending?

17  A  No, sir.

18  Q  I have a letter written December twenty-

19     eighth, by Mrs. Robison to Mr. Edwards and the

20     letter has these terms:  the State tenders the

21     following offer to the Defendant.  1: The

22     defendant shall plead guilty to added Count 2,

23     Burglary, a class "B" felony.  2.  The State

24     agrees to dismiss Count 1, Theft, a class "D"

1    felony and the Habitual Offender Enhancement,

2    to be filed by January eighteenth, two

3    thousand and twelve.   3.   State and Defendant

4    agree to argue terms of sentence to the Court,

5    including restitution.   4.   Offer is vacated

6    upon completion of the final pre-trial

7    conference, violation of the terms of pre-

8    trial release and or the filing of a speedy

9    trial motion.   5.   Offer applies only to the

10   above caption, above mentioned cause, no other

11   promises have been made.   Is that the extent

12   of the arrangement, Mrs. Benjamin?

13      MRS. BENJAMIN:   Yes, Your Honor.

14      THE COURT:   And Mr. Edwards, is that your

15   understanding?

16      MR. EDWARDS:   Yes, it is.

17   Q  Okay.  And Mr. Pringle, is that your

18      understanding of the arrangement in this case?

19   A  Yes, Your Honor.

20   Q  Sir, other than what is contained in the letter

21      have any other promises been given to you, by

22      anyone, to try and get you to plead guilty?

23   A  No, Your Honor.

1  Q  Have any threats been made to you or anyone

2      else to try and get you to plead?

3  A  No, sir.

4  Q  Are you satisfied with the way that your

5      Attorney is representing you?

6  A  Yes, sir.

7  Q  Do you still wish to plead guilty today?

8  A  Yes, sir.

9     THE COURT:  Mrs. Benjamin if you would lay a

10     factual basis?  Or I guess Mr. Edwards if you

11     would, please.

12  **QUESTIONS BY THE MR. EDWARDS**

13  Q  Please state your name?

14  A  Roger Pringle.

15  Q  And Mr. Pringle, back on August thirteenth,

16     two thousand and eleven did you break and

17     enter a property that was either owned or

18     rented by Leeann York with the intent to

19     commit theft inside?

20  A  Yes.

21  Q  And that was in Bartholomew County, Indiana?

22  A  Yes.

23     MR. EDWARDS:  No, other questions.

24     THE COURT:  Any questions, Mrs. Benjamin?

1     MRS. BENJAMIN:  No, Your Honor.

2     THE COURT:  Mr. Edwards, do you have an oral

3  motion to withdraw the former plea?

4     MR. EDWARDS:  He moves to withdraw his

5  former plea of not guilty and plead guilty

6  pursuant to the plea arrangement.

7  **QUESTIONS BY THE COURT**

8  Q  Okay.  Mr. Pringle, your attorney provided the

9     Court with a document.  The document is

10    entitled Waiver of Rights, Withdrawal of Plea

11    of Not Guilty and Plea of Guilty.  It appears

12    to have you signature on the fourth page.  Did

13    you sign that?

14  A  Yes, sir.

15  Q  And I believe that you discussed that with

16    your Attorney here in Court this morning.  Is

17    that correct?

18  A  That's correct.

19  Q  Do you have any questions about what it says?

20  A  No, sir.

21  Q  Then, Mr. Pringle then to the charge, added

22    Count 2, Burglary, as a "B" felony, how do you

23    plea?

24  A  Uh, Guilty.

1    THE COURT:  The Court now finds that the

2    defendant is fifty-three years of age, that he

3    understands the nature of the charge against

4    him to which he has plead guilty, that he

5    understands the possible penalties for the

6    crime, that the pleas, that the plea is freely

7    and voluntarily made and that he is in fact

8    guilty.  The Court grants the Motion to

9    withdraw the former of not guilty, accepts the

10   plea of guilty and finds the defendant guilty

11   under count 2, Burglary, as a "B" felony.  The

12   matter is referred to the Probation Department

13   for the preparation and filing of a Pre-

14   Sentence Investigation Report.  Sentencing is

15   scheduled for April fourth, two thousand and

16   twelve at three-thirty p.m.  The defendant, uh

17   remanded to the custody of the sheriff, the

18   Court will revoke any bond that was previously

19   permitted in this matter.

20   MRS. BENJAMIN:  Was that April fourth or

21   April third, Your Honor?

22   THE COURT:  I'm sorry.

23   MRS. BENJAMIN:  The sentencing, was that

24   April fourth or April third?

1      THE COURT:  Three-thirty on the fourth.

2      MRS. BENJAMIN:  On the fourth, April fourth?

3      THE COURT:  Yeah, April fourth at three-

4    thirty.

5      MRS. BENJAMIN:  Thank you.

6

7

8

9

10

11  (HEARING CONCLUDED)

12

13

14

15

16

17

18

19

20

21

22

23
24
25

```
1    STATE OF INDIANA  ) IN THE BARTHOLOMEW SUPERIOR I
2                      ) ss
3    BARTHOLOMEW COUNTY) CAUSE NO. 03D01-1109-FD-5086
4
5
6    STATE OF STATE,          )
7                             )
8    vs.                      )
9                             )
10   ROGER M. PRINGLE,        )
11     Defendant.            )
12
13       I, Teresa Million, Court Reporter of the
14   Bartholomew Superior Court I, Bartholomew County,
15   State of Indiana, do hereby certify that I am the
16   Official court Reporter of said court, duly
17   appointed and sworn to report the evidence of
18   causes tried therein.
19
20       That upon the trial of this cause, beginning on
21   the 5$^{th}$ day of March, 2012, I took down, by
22   machine recording, all of the statements by
23   counsel, the evidence given during the trial of
24   this cause, the objections of counsel thereto,
25   and the rulings of the Court upon such
26   objections, the introduction of exhibits, the
27   objections thereto, and the Court's rulings
28   thereon.
29
30       I further certify that the foregoing
31   transcript, as prepared, is a full, complete and
32   accurate of the plea hearing.
33
34   IN WITNESS THEREOF, I have hereunto set my hand
35   and affixed my Official Seal, this 30$^{th}$ day of
36   September, 2013.
37
38
39
40
41
42   Official Court Reporter
43   Bartholomew Superior Court I
44   Bartholomew County, Indiana
45
46
```

```
 1   STATE OF INDIANA     ) BARTHOLOMEW SUPERIOR COURT I
 2                        )  SS:
 3   BARTHOLOMEW COUNTY )  CAUSE NO.03D01-1109-FD-5086
 4
 5
 6
 7
 8   STATE OF INDIANA              )
 9                                 )
10       vs.                       )
11                                 )
12   ROGER M. PRINGLE,             )
13                                 )
14            Defendant            )
15
16
17
18
19
20                 SENTENCING HEARING
21
22       TRANSCRIPT OF Roger M. Pringle sentencing

23   hearing in the above-captioned cause on the 4th

24   day of April, 2012, before the Honorable Chris D.

25   Monroe, Judge of said Court.

26

27                       Teresa Million

28                       OFFICIAL COURT REPORTER

29

30
```

```
 1              A P P E A R A N C E S

 2

 3

 4

 5

 6    Bartholomew County Prosecutors Office
 7    Michael P. DeArmitt, Deputy Prosecutor
 8    234 Washington Street
 9    Columbus, Indiana 47201
10
11              On behalf of the State
12
13
14
15
16
17    Mr. Aaron Edwards
18    722 Third Street
19    Columbus, IN 47201
20
21              On behalf of the Defendant
22
23
24
25
26
27              Teresa L. Million
28         OFFICIAL COURT REPORTER
29
30
31
32
```

24

EXHIBIT A

1   disinhibitor, have you ever heard that in any
2   of those alcohol classes that you took?
3       DEFENDANT:   No, I can't say that I have.
4       THE COURT:   Okay.  Have you ever heard
5   anybody say alcohol in, truth comes out?  Have
6   you ever heard that?
7       DEFENDANT:   Uh-un.
8       THE COURT:   Okay.  What that means, for some
9   people, is that you know you drink, and then
10  what you've got in there, just, the truth
11  comes, out, who you really are really comes
12  out, because the filters don't work anymore.
13  Okay.  So, what it is telling me is, your
14  criminal inside of you, okay, and that is
15  thoroughly supported by your criminal record.
16  You've got nine misdemeanor convictions,
17  starting in nineteen eighty-one, according to
18  the pre-sentence.  This is your ninth felony
19  conviction and you've had five Petitions to
20  Revoke Probation.  So, you are a criminal in
21  your attitude about things and that is
22  again...and that is additionally supportive by
23  the statement in the pre-sentence report, you
24  have no concerns for others.  Now, what that

1   means is, and what you said in here, like I
2   said, what you said in here, takes it another
3   step further.  Not only do you not have concern
4   for others you blame others.  Now, not only do
5   you blame others, I don't know the details for
6   all of these other relationships that didn't go
7   the way that you wanted them to.  But, Ms. York
8   did a lot of really nice things for you and...
9   sir, this is not the time for you to correct
10   me.  I am required to set forth my reasoning
11   for my sentence, and I don't think you are
12   going to change my mind anyway.  Okay.  Because
13   what I say is accurate, she said this up here,
14   okay.  You don't have to agree with what she
15   says, and you don't even have to agree with me,
16   but she said that she took you in, she put a
17   roof over your head, she fed you, she gave you
18   gas money, she did all of this stuff.  You
19   broke into her house, you didn't do, live up to
20   what she understood your agreement to be, and
21   then to pay her back and you, well you just got
22   mad at her and you broke into her house and
23   stole things, that were personally important
24   for her, she can't, you know, can't replace

1   even if she had enough money, because they are

2   personal things.  And it sounded to me like you

3   think that is okay.  And it also sounds like,

4   you think it is okay with all of the other

5   women break up problems that you've had, to

6   justify your criminal behavior in those cases

7   and your consumption of alcohol.  Okay.  Bottom

8   line is it does not in any way whatsoever,

9   justify that, any of those things.  What that

10  tells me is, you are going to do it again.

11  Now, one of the things that I, I consider is

12  certainly would be good, if Ms. York could get

13  some money back, to pay her for all you stole

14  from her, but as I look through the record and

15  listen to your testimony I don't think that is

16  ever going to happen either.  Because you are

17  trying to get disability and, you know, you

18  just don't seem terribly motivated.  Uhm, one

19  of the reasons I asked about the burglary

20  payment in the other, was to see if you had

21  some history of paying people back, you know, I

22  don't know.  So, in light of your extremely

23  long criminal history, the fact that you blame

24  other people, you take no reasonability that I

83

1   can tell for this, you even kind of, you know

2   you say well I didn't break in, I had a key.

3   She says you didn't have a key. Uhm, and

4   sometimes criminal defendants think they've got

5   to like break something, I mean literally break

6   it, if you go into a house without permission,

7   that's breaking. Okay, under legal definition.

8   So you broke in there, you absolutely did. So,

9   uhm, I think you've probably earned the maximum

10   sentence, but my experience with the Court of

11   Appeals is, if I do that they will probably are

12   going to send it back. Uhm, so your

13   aggravating circumstances are clearly uh above

14   and beyond so I am going to give you eighteen

15   years with the Indiana Department of

16   Corrections. I see no value whatsoever in

17   Probation, in light of the five different

18   probation violations you've had. Uh, the only

19   value that I could see in Probation would be to

20   somehow maybe get some money back for Ms. York,

21   but I don't think that is very likely ma'am.

22   Uh, and I think it is more important to protect

23   you and other people, from him uh rather than

24   run the risk, take the chance that he might pay

1    you some money sometime.  I mean between the

2    chance that you might pay you some money uh and

3    the chance that he is going to break into

4    somebody else's house I don't think it is safe.

5    And I doubt...I mean the chance of him paying you

6    all of the money that he owes you, I think is

7    like next to none.  So, that's where I come out

8    on that, I, some people think that Court's can

9    manufacture money, and I can't.  So uh, I will

10   enter an order of restitution in the amount of

11   four thousand six hundred and twenty dollars.

12   If he should come up with some money, then you

13   would, and when he gets out, you might be able

14   to pursue that, but I doubt it.  And then the

15   Court will also order restitution/extradition

16   costs to be paid to Bartholomew County in the

17   amount of four hundred and sixteen dollars and

18   thirty-two cents.  Those will be entered as

19   judgments.  You will receive and I did some

20   calculation on this, I calculated you had

21   twelve more credit days, based on upon the

22   arrest in uh West Virginia.  So, uh adding that

23   twelve to the one hundred and seventy-nine

24   previously set out in the pre-sentence report,

```
1    would give you a total of one hundred and

2    ninety-one credit days.  Okay.  Defendant is

3    remanded to the custody of the Sheriff.  The

4    theft charge is dismissed.  Thank you.

5

6

7

8    (HEARING CONCLUDED)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

1   STATE OF INDIANA   )  IN THE BARTHOLOMEW SUPERIOR I

2   BARTHOLOMEW COUNTY)  CAUSE NO. 03D01-1109-FD-5086

3

4   STATE OF STATE,              )

5                               )

6   vs.                         )

7                               )

8   ROGER PRINGLE,              )

9     Defendant.               )

10

11      I, Teresa Million, Court Reporter of the

12   Bartholomew Superior Court I, Bartholomew County,

13   State of Indiana, do hereby certify that I am the

14   Official court Reporter of said court, duly

15   appointed an sworn to report the evidence of

16   causes tried therein.

17

18      That upon the trial of this cause, beginning on

19   the 4th day of April, 2012, I took down, by

20   machine recording, all of the statements by

21   counsel, the evidence given during the trial of

22   this cause, the objections of counsel thereto,

23   and the rulings of the Court upon such

24   objections, the introduction of exhibits, the

25   objections thereto, and the Court's rulings

26   thereon.

27

28      I further certify that the foregoing

29   transcript, as prepared, is a full, complete and

30   accurate of the plea hearing.

31

32   IN WITNESS THEREOF, I have hereunto set my hand

33   and affixed my Official Seal, this 30th day of

34   September, 2013.

35

36

37

38

39                         _Teresa Million_

40                         Official Court Reporter

41                         Bartholomew Superior Court I

42                         Bartholomew County, Indiana

43

44

ABSTRACT OF JUDGMENT      CASE NAME :    State of Indiana
                          vs      Roger Pringle

State Form 8466           CAUSE NO.           COURT:  Bartholomew
INDIANA DEPARTMENT        03D01-1109-FA-5086  Superior Court I
OF CORRECTION

                          SENTENCING DATE:    PRESIDING JUDGE:
                          April 4, 2012  Chris D. Monroe

                          PROSECUTOR:         DEFENSE ATTORNEY:
                          Michael P. DeArmitt Aaron J. Edwards

INSTRUCTIONS:  This form must accompany the Judgment, Pre-sentence Report, and all other
documents required by law, upon the commitment of the adult offender to the Indiana
Department of Corrections.  A separate Abstract must be used for each Cause Number.

| | Part 1: The defendant was found guilty of the following crimes under the above referenced cause number: | | | | | |
|---|---|---|---|---|---|---|
| Count | CRIME | Class | FEL | MISD | STATUTORY CITATION |
| I | | | | | |
| II | Burglary | B | X | | 35-43-2-1 |
| III | | | | | |
| IV | | | | | |
| V | | | | | |

| | Part 2: As a result of the above convictions, the Court has sentenced the defendant to the Department of Correction as follows:  (If consecutive time is received, check only those counts which are to follow the original sentence) | | | | |
|---|---|---|---|---|---|
| Count | Sentence Years/Days | Suspended | Con-cur | Con-sec | . . . With (Count or Cause Numbers) |
| I | | | | | |
| II | 18 years | zero | | | |
| III | | | | | |
| IV | | | | | |
| V | | | | | |

Exhibit II 12

2

```
OIFISEN2  * INQUIRY *     OFFENDER INFORMATION SYSTEM      04/25/17   11:33:51
                             SENTENCE DETAIL          USER: WCC788 STEP MODE

DOC NUMBER: 199010     NAME: PRINGLE, ROGER                     LOC: WCC
SENTENCE NO:  001   COMMITMENT COUNTY: BARTHOLOMEW      COURT: SUPERIOR
DOS:  04 04 2012    CAUSE NO: 03D01-1109-FA-5086    COUNT NO: 02
CONVICT TYPE: FB  I.C. 35-43-2-1      OFFENSE TYPE: FB02  BURGLARY
CONVICT TYPE:     I.C.                OFFENSE TYPE:
DATE CRIME COMMITTED: 00 00 0000


TOTAL SENTENCE TERM:    18 - 00 - 00000    TYPE: D     PLEA:
DOC TIME:               18 - 00 - 00000    (INCLUDES 00 - 00 - 00000  HABITUAL)
SUSPENDED TIME:         00 - 00 - 00000
CC/OTHER TIME:          00 - 00 - 00000                FTI:   6574
JAIL TIME CREDIT:             191                      EDS: 09 26 2011
COMMUNITY CORRECTIONS CREDIT:    0                     PRD: 05 17 2020
HOME DETENTION:                  0                     MRD: 09 24 2029
COMMENTS:

DISCHARGED FROM:       DATE:             DISCHARGE TYPE:
JUDICIAL COMM: PSI 03-28-2012
NEXT RESPONSE:            RESPONSE VALUE:
DC903860 REQUESTED CURRENT COMMITMENT PERIOD SENTENCE IS DISPLAYED
 PF2-MOD PF3-EXPUNGE PF4-INQ PF5-CITATN PF9-SENTSUM PF10-CRCALC PF11-CRAPPLY
```

```
OIFISEN2  * INQUIRY *    OFFENDER INFORMATION SYSTEM    04/25/17   11:33:51
                            SENTENCE DETAIL          USER: WCC788 STEP MODE

 DOC NUMBER: 199010      NAME: PRINGLE, ROGER                    LOC: WCC
 SENTENCE NO:  001   COMMITMENT COUNTY: BARTHOLOMEW     COURT: SUPERIOR
 DOS:  04 04 2012   CAUSE NO: 03D01-1109-FA-5086    COUNT NO: 02
 CONVICT TYPE: FB  I.C. 35-43-2-1     OFFENSE TYPE: FB02  BURGLARY
 CONVICT TYPE:     I.C.               OFFENSE TYPE:
 DATE CRIME COMMITTED: 00 00 0000


 TOTAL SENTENCE TERM:    18 - 00 - 00000   TYPE: D    PLEA:
 DOC TIME:               18 - 00 - 00000   (INCLUDES 00 - 00 - 00000  HABITUAL)
 SUSPENDED TIME:         00 - 00 - 00000
 CC/OTHER TIME:          00 - 00 - 00000            FTI:  6574
 JAIL TIME CREDIT:              191                 EDS: 09 26 2011
 COMMUNITY CORRECTIONS CREDIT:    0                 PRD: 05 17 2020
 HOME DETENTION:                  0                 MRD: 09 24 2029
 COMMENTS:

 DISCHARGED FROM:       DATE:            DISCHARGE TYPE:
 JUDICIAL COMM: PSI 03-28-2012
 NEXT RESPONSE:          RESPONSE VALUE:
DC903860 REQUESTED CURRENT COMMITMENT PERIOD SENTENCE IS DISPLAYED
 PF2-MOD PF3-EXPUNGE PF4-INQ PF5-CITATN PF9-SENTSUM PF10-CRCALC PF11-CRAPPLY
```



Roger Pringle )
(Petitioner) )

VS. )

Superintendent )
(Respondent) )
Warden Dushan Zatecky )

In The Superior Court of
Bartholomew County
Cause No. 03D01-1109-FA-5086
and/or
03D01-1109-FD-05086
48C03-1803-MI-000180
Madison County

• Verified Petition For Writ of Habeas Corpus

Comes now The Petitioner Roger Pringle, Pro-se, Pursuant to Indiana Code § 34-25-5-2-1, and Respectfully Petition this Honorable Court to issue a Writ of Habeas Corpus as Follows:

1.) The Petitioner is a citizen of The State of Indiana Confined at Pendelton Correctional Facility; (4490 West Reformatory Road, Pendelton, IN. 46064.

2.) The Petitioner is unlawfully restrained of his Liberty by The Superintendent of the above mentioned Facility; (Warden/Superintendent Dushan Zatecky)

1

3.) That the Petitioner alleges that because of the following allegations he believes has unlawfully restrained his liberties;

- 3(a)... "Lack of Jurisdictional Subject Matter" in Count II Burglary; (Due Process) Violation.

- 3(b)... Failure to Conduct a Probable Cause Hearing in Count III; (Due Process) Violation.

- 3(c)... Fail to Conduct a Probable Cause Hearing in Count III; (Habitual Offender), as a seperate Charge (Due Process) Violation.

- 3(d)... Double Jepardy in Count II Burglary; ("Blockburger")... Multiple Prosecution for single or related acts or transactions, and Theft; (Fraud Contract)

- 3(e)... Duress of a Threat"; (The Trial Judge Threatened The Petitioner that he would get 53 years in Prison if he did not accept The State's Plea-agreement.

- 3(f)... "Double Jeopardy"; (Successive Prosecution) regarding Theft and Burglary; (The Petitioner was indicted on "Theft"---However's Convicted on "Burglary") "Blockburger")

- 3(g)... The Prosecution did not Possess, "The Habitual offender" as a separate and distinct charge to offer it in a Plea-agreement; ("Duress of a Threat"), and ("False and/or Defective Government Contract"). Fed.R.Civil P. 8(c).

  STaT. 29 Cac. 2, c.3, S4, see, e.g., UCC 2-201(1) "Void CONTRACT"

- 3(h)... "Failure of The State to File The Habitual Offender in a timely manner"---(False and/or Defective Government Contract)._-"Fraud Misrepresentation". Restatement Second §163

- 3(i)... "Lack of Jurisdiction"/"Judicial Misconduct"; (as The Trial Court did not have Jurisdiction over "Subject Matter" to allow The Petitioner to enter into the above mentioned Ple-agreement on 3/5/2012.

  The Trial Court did not have Jurisdiction of The Subject matter to convict The Petitioner of Burglary on 4/4/2012.

3

• 3(J)... Ineffective Assistance of Counsel... Trial Counsel Failed to appropriately counsel The Petitioner on Double Jepardy defense /advise before entering guilty Plea... Failure to Protect The Petitioner's Due Process rights at critical stages during Pre-trial and change of Plea.

• 3(K)... The Trial Judge failed to advise The Petitioner of his appeal rights :( due Process) violation.

4

4.) That the restraint of The Petitioners liberties are unlawful because;

• 4 (a) ... The Trial Court established The Petitioner's Omnibus Date by 1/9/12 ... The Omnibus Date contains the deadlines regarding The Theft, and The Burglary Charges ... However, The Petitioner was never afforded an Omnibus Date ... The Trial Judge ordered The State to Amend the information due to an error ... The State filed the Amended Count III; (Habitual Offender) on 1/30/12 But!, The Petitioner did not have his initial hearing until 55 days later. See Corresponding dates in Case Summary 03D01-1109-FD-005086

• 4(b) ... The Petitioner's initial hearing on Count II; (Burglary) filed on 11/23/11 and Amended Count III filed on 1/30/12 ... The State and The Trial Court must conduct a Probable Cause hearing within 72 hours, but The Petitioner's Charge regarding Count II was not accepted by The Trial Court until 12/08/11 .... (The initial hearing was not held until 3/5/12). See CCS 03D01-1109-FD-005086

5

• 4(c)... The State filed Count III ;( Habitual Offender) on 1/30/12 ...However!, the initial hearing regarding Count III ;( Habitual Offender) was not conducted until 3/5/12. See LCS 03D01-1109-FD-005086

• 4(d)... The State of Indiana indicted The Petitioner for Theft on 9/23/11... The State alleged that The Petitioner did commit Theft and Burglary by breaking into and entering a dwelling to exert authority and/or unauthorized control over Leanne York's Property ; To-wit: Jewelry with the intent to deprive her of said Property on The 13th day of August 2011 ;( The State again charged The Petitioner with Burglary as a Count II offense on 11/23/11 without amending the charge and/or dismissing the indictment of the Theft Charge)... "Double Jeopardy" Consists of : "At Common law"... a single episode of criminal behavior Produces only "one" Prosecution ;( no matter how many wrongful acts were committed during the episode. On 3/5/12 The State tendered a Plea-agreement which contained Count I Theft, and Count II Burglary. The Trial Court accepted the tendered Plea-agreement as

6

a conviction... Thus: The State neve having Jurisdiction over The Subject matter of The Theft, or either The Burglary... In other words: Both, the Theft, and the burglary cannot exist at the same exact time to enable The State the ability to Present both offenses as one episode in one wrong act as two separate and distinct criminal offenses. in the 3/5/12 Plea - agreement... The Theft; (Count I) was amended to a Burglary; (Count II)... On 11/23/11... The Theft indictment must be dismissed in order for The State to Possess the burglary indictment... However!, The Petitioner was only indicted one time... The evidence shows that The State stacked multiple Prosecutions for one Single or related act.

• 4(e)... On March 5, 2012 The Trial Court quoted bad information related to The Petitioner's Habitual Offender Status, and the amount of time that The Petitioner would recieve "if" The Petitioner is found guilty at trial to specifically" antaganize and/or threaten The Petitioner into signing the Plea - agreement tendered by The State

▶ 4(F)... The defendant/Petitioner was indicted for Theft and Convicted of Burglary... Blockburger: (Double Jeopardy), also bars Successive Prosecution for greater and lesser included offenses... A lesser-included offense is one that does not require Proof of elements beyond those required by the greater offense.

▶ 4(G)... The Prosecution did not Possess the ~~XXXX~~ Lawful issue of The Subject Matter related to The Petitioner being an Habitual Offender... The Prosecution used the threat of adding ~~XXXX~~ a separate and distinct Charge of Habitual Offender to The Petitioner's list of offenses to antagonize and/or Threaten The Petitioner into signing and/or accepting The State's Plea-agreement... However's, The State did not Possess subject matter ~~XXXX~~ Lawfully over a Potiential Habitual Offender inhansment because;

1.) All of The State's grounds for naming The Petitioner an Habitual Offender was subsequently based on all "D" level felony, and charge/offenses that were 10 years mature.

8

2.) The Prosecution used The Habitual inhansment as a Charge ... However'o, Statute ~~does~~ bars The State from using Habitual Offender as a separate and distinct offense.

3.) The Prosecution advised The Trial Court that The State would have The Habitual inhansment Filed on The Petitioner by 1/18/12 ... However'o, The state did not have it Filed until 1/30/12.

- and -

4.) At the initial hearing The Trial Court advised The State that there was an error in the information, and so ordered The State to have the information amended by 1/18/12 ; (in which case) subsequently took the subject matter jurisdiction away from The State until the information error was corrected.

, 4(h) ___ The State's document; (The 3/5/12 Plea-agreement) is the Product of misrepresentation: Misrepresentation as to the Chraeter or established essential terms of a Proposed contract -- The State represented in it's 3/5/12 contract that it would; by The Trial Court's Order), have the HO filed by 1/18/12, but did not do so.

9

● 4(i)... At various times throughout this case The Trial Court either advised the Prosecution that either The State had made an error in the information --- or; The Trial Court advised The State that the Habitual Offender allegation could not stand alone as a separate and distinct Charge.

( The Trial Court is expressly aware that there are certain issues involved with the information surrounding the habitual Offender allegations at a minimum)... The State also failed to amend Count III by 1/18/12 after being ordered by The Trial Court to have Count III amended by 1/18/12...

On 3/5/12 The Trial Court heard and accepted The State's Plea-agreement which enumerated 3 separate and distinct offenses... 1.) "Burglary" as a class B felony, 2.) "Theft" as a class D felony,... and "Habitual Offender".

Neither the Theft, or the Burglary should be in the company of each other --- Either The Petitioner should be only Charged with a Theft for the allegations alleged in the alleged offense, or the Burglary --- The Theft and The Burglary was said to have occoured in one single episode of a wrongful act... The State also utilized The Habitual Offender as an alone standing offense to

10

get The Petitioner to agree to the terms of the 3/5/12 tendered Plea-agreement ;( which constitutes The Petitioner entering into the Plea-agreement under the duress of a threat"). Tr. P. 8, lines 1-4 of 3/5/12 Also See 3/5/12 Plea-Agreement, and also See Chronological Case Summary RESTATEMENT SECOND. CONTRACTS §§ 174,175. Void Fed.R.Civil P. 8(c)

▸ 4 (J)... Throughout The Petitioner's Pre-trial and Trial, and Change of Plea Proceedings... The Petitioner's State appointed counsel failed to advise and/or Protect the Petitioner's due Process rights... Double Jeopardy issues, and Judicial and Prosecutorial Misconduct. See all related issues contained in this brief

▸ 4 (K)... On 4/4/12 The Trial Court failed and/or did not advise The Petitioner about his appeal rights. See Transcripts on 3/5/12 / 4/4/12

1, over Omnibus date by 5.5 day's UCC 9-318(4)

2 No Jurisdiction of The Subject Matter

3 Do To Constitutional Violation's of Due
   4
Process/ Double Jeopardy of The Same offense.

5 And Threaten" That of duress of Threat and
deprived of Free will into Signing a Fraud or
                                6
and void Contract. Misrepresentation of government.
Jurisdiction in Personam. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

     5. That Petitioner verily believes that he is entitled to immediate release from his illegal

restraint. and all other entitlements UCC 3-302 (a)
   3 Bl. Comm. 129, The great writ of liberty
     I swear or affirm, under penalty of perjury, that the above and foregoing representations

are true and correct to the best of my personal knowledge and belief.

     **WHEREFORE**, Petitioner prays that a writ of habeas corpus **GRANTED** and that he be

discharged from such unlawful restraint.

                         *Roger Pringle*
                         (signature)

                         *Roger Pringle*
                         (name, printed)
                         Defendant / *Pro se*

                         IDOC # _199010_
                         Pendleton Correctional Facility
                         4490 W. Reformatory Road
                         Pendleton, Indiana. 46064-9001

## CERTIFICATE OF SERVICE

I, the undersigned, pursuant to Rule 5(B)(2) of the Indiana Rules of Trial Procedure, hereby certify that on this _5_ day of _March_, 20~~00~~_18_, I served a true and correct copy of the foregoing *Verified Petition for Writ of Habeas Corpus* upon the Office of Indiana Attorney General, 302 W. Washington St., I.G.C.S., 5th Floor, Indianapolis, Indiana, 46204-2770, with sufficient first-class postage affixed, by submitting same to correctional staff for placement in the U.S. Mail, which constitutes filing under the prison "mailbox rule". *Dowell v. State*, 922 N.E.2d 605, 607 (Ind. 2010).

_Roger Pringle_
(signature)

_Roger Pringle_
(name printed)
Defendant / *Pro se*

IDOC # _199010_
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana. 46064-9001