# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**ROGER PRINGLE,**

    **Plaintiff,**

**v.**                                                                **Case No. 2:18-cv-00901**

**ATTORNEY GENERAL, U.S.A.,**
**Government Office,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On May 8, 2018, the plaintiff, Roger Pringle, filed a "Motion for 'Actio Damnio Injuria Procedre Torts" (ECF No. 2), which appears to be an attempt to file tort claims against the federal government under the Federal Tort Claims Act, and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). Also pending are a number of other motions, which will be set detailed below.

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY AND ALLEGATIONS

The plaintiff is presently incarcerated in the Westville Correctional Facility in Westville, Indiana, where he is serving an 18-year sentence after being convicted of one count of burglary in the Superior Court of Bartholomew County, in Columbus, Indiana,

on April 4, 2012.  This is one of six civil actions filed in this court by the plaintiff since December of 2016 concerning his Indiana criminal proceedings.[1]

The first two matters, styled as *Pringle v. Miami Corr. Facility*, No. 2:16-cv-12029, filed on December 12, 2016, and *Pringle v. Miami Corr. Facility*, No. 2:16-cv-12373, filed on December 20, 2016, were docketed as Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and were transferred to the United States District Court for the Southern District of Indiana, which subsequently transferred both petitions to the United States District Court for the Northern District of Indiana.  Both petitioner were dismissed without prejudice on March 2, 2017 as being duplicative of another petition pending in that court which was dismissed on that same date for failure to exhaust state court remedies.

Undeterred by this court's Orders informing him that this court is not the proper jurisdiction and venue to consider his habeas corpus claims, the plaintiff continued to write letters to this court and its Clerk seeking legal advice and assistance of counsel.  Then, on January 12, 2018, the plaintiff filed a third habeas corpus petition in this court, *Pringle v. Sevier*, No. 2:18-cv-00050, which is assigned to Chief Judge Thomas E. Johnston.  The undersigned has recommended the dismissal of that matter for lack of personal jurisdiction and venue.

On May 21, 2018, the plaintiff filed a motion to remove or transfer to this court a pending petition for a writ of habeas corpus filed in the Circuit Court of Madison County, Indiana, which was docketed as *Pringle v. Sevier*, No. 2:18-cv-00955, and is also assigned to Chief Judge Johnston.  The undersigned has recommended that the plaintiff's motions

---

[1] On December 12, 2016, the plaintiff also filed another civil action unrelated to his criminal proceedings, *Pringle v. The Land Office of Records, Charleston, West Virginia*, No. 2:16-cv-12089, which was dismissed as frivolous on April 10, 2017.

in that matter be denied and the matter dismissed because removal of an Indiana state habeas corpus proceeding to this United States District Court is improper under 28 U.S.C. § 1441(a).

On June 11, 2018, the plaintiff filed a document titled "Motion for Transfer of a Cause," citing 28 U.S.C. §§ 1404(a), 1406(a), 1441, and 1631, and again requesting that the petitioner's Madison County, Indiana habeas corpus petition be removed or transferred to this court. That matter is also assigned to Chief Judge Johnston. *See Pringle v. Zatecky*, No. 2:18-cv-01023. The undersigned has also recommended the dismissal of that matter because removal of an Indiana state habeas corpus proceeding to this United States District Court is improper under 28 U.S.C. § 1441(a) and this court is not an appropriate venue.

Prior to filing the latter two actions, on May 8, 2018, the plaintiff filed the instant "motion," which the court has treated as a Complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. The Complaint, which is difficult to discern, states that the plaintiff "has a right to file tort claims on the federal government for federal violations of constitutional (and) civil rights by public policy." (ECF No. 2 at 1). The plaintiff then sets forth, in conclusory fashion, a litany of alleged violations of his "rights," and citations to various federal and state statutes and rules of procedure. (*Id.* at 2-7 and Attach. 1 at 1-3).

The attachment to the plaintiff's Complaint reveals that he is complaining about conduct surrounding his criminal conviction in the Circuit Court of Bartholomew County, Indiana, which he asserts resulted from a "fraudulent plea contract" and a "malicious prosecution." (ECF No. 2, Attach. 1 at 1, 3). The attachment further states, in pertinent part:

3

> Mr. Pringle was in a case and given a fraud plea contract of a government office of prosecution, to-wit Attorney General of United States, the courts have did the petitioner so bad he is wanting to get out of this state before they come up with a way to violate him.  Mr. Pringle was extradited from address "80 Cement Hill Rd., Mount Gay, West Virginia, Holden County, and would like to come home but this state is not allowing Mr. Pringle to file a tort claim on his case of fraud and fraudulent misrepresentation . . . and the court will and have seen in other filing from Pringle.  Mr. Pringle signed a fraud plea without knowing of the wrong doings.  By federal laws of judgment docket Fed. R. Civ. P. 79; Fed. R. Crim. P. 35.  And see judicial records.  Judicial proceedings, Little v. Stevens, 23 Cal. App. 3d 112, 99 Cal. Rptr, 885 , 886; Fed. R. Civ. P. 79.  Mr. Pringle is in the understanding he can file his civil case of tort to the State of West Virginia by transfer of a cause 28 U.S.C. §§ 1404(a), 14016(a), 1631, to Charleston, West Virginia.

(ECF No. 2, Attach. 1 at 1-2).  The plaintiff seeks $40 million in damages.  (ECF No. 2 at 3 and Attach. 1 at 3).

Since the filing of the "Complaint," the plaintiff has also filed the following motions:  a "Motion for Transfer of a Cause" (ECF No. 3), a "Motion for Filing Notice of Hostage" (ECF No. 7), a "Motion for Rebuttal Evidence" (ECF No. 8), a "Motion to Transfer from State Court to Federal Court" (ECF No. 9), a "Motion to File Charges of Kidnapping and Hostage Taking" (ECF No. 10), a "Motion of Findings of Fact to Amend" (ECF No. 13), a "Motion for Transport in Civil Jury Trial" (ECF No. 14), a "Motion to Demand Trial by Jury" (ECF No. 15), a "Motion Filing Constructive Contempt or Criminal" (ECF No. 16), and a "Motion to File Kidnapping/Hostage Taking/and Attempt of Murder Relief from Judgment (Rule 60)" (ECF No. 17). Presently, the court receives mail from the plaintiff on an almost daily basis concerning his pending cases.

The additional motions and documentation filed by the plaintiff demonstrate that he is once again challenging his criminal conviction in the Circuit Court of Bartholomew County, Indiana.  He asserts that the Indiana state court was without

jurisdiction to convict him because he had a fraudulent plea contract and that the State of Indiana maliciously prosecuted him. He further alleges that the State of Indiana has kidnapped him and held him hostage, and he cites to the relevant federal criminal statutes for such crimes. The plaintiff further asserts that, because he was born in West Virginia, he is a "naturalized citizen" and he wrongfully attempts to gain federal jurisdiction by citing to federal statutes governing naturalization matters.

## STANDARD OF REVIEW

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain <u>1) a short and plain statement of the grounds upon which the court's jurisdiction depends</u>, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (Emphasis added). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

Additionally, pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a) and (b). A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, the court may not re-write the pleading to develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

This standard applies equally to the initial screening conducted under 28 U.S.C. § 1915A, where no Motion to Dismiss has been filed. Because it is apparent from the face of the Complaint that the plaintiff is entitled to no relief in this court, the defendant has not been served with process and is not required to answer the Complaint.

## ANALYSIS

There are numerous deficiencies with the plaintiff's filings, which necessitate the dismissal of this civil action. Most significant is the fact that, although the plaintiff has invoked the Federal Tort Claims Act ("FTCA") as his basis for subject matter jurisdiction, there are no factual allegations concerning the conduct of any federal employee which would support a plausible claim under the FTCA. Rather, the plaintiff is complaining about the conduct of Indiana state officials involved in his Indiana state criminal proceedings.

The FTCA waives the sovereign immunity of the United States to allow civil suits for actions arising out of the negligent acts of employees or agents of the United States. *Dalehite v. United States*, 346 U.S. 15, 30-31 (1953). Section 1346(b)(1) of Title 28 provides that the United States District Courts shall have original and exclusive jurisdiction over

> claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligence or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, 28 U.S.C. § 2671 defines "employee of the government" as "officers or employees of any federal agency" or "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation . . ." 28 U.S.C. § 2671.

The plaintiff has named the "Attorney General U.S.A." as the sole defendant herein. However, his Complaint concerns the conduct of state officials in his state criminal proceedings and alleges no conduct by any employee of the federal government, and no federal employees were plausibly involved in his state criminal case. Thus, there are no plausible allegations concerning any conduct by the Attorney General of the United States, and he cannot be held vicariously liable for the conduct of state officials over whom he has no direct authority. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not stated a plausible claim for relief under the FTCA and, consequently, there is no basis for subject matter jurisdiction thereunder. Nor is there any other plausible basis for federal subject matter jurisdiction in this action.

Furthermore, to the extent that the plaintiff is seeking, through this action (as he has also attempted in his other civil actions filed in this court), to remove or transfer his pending state habeas corpus proceeding, or any other action filed in Indiana state court, to this federal court, such action is impermissible. Section 1441(a) of Title 28 provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States where such action is pending.

28 U.S.C. § 1441(a).

Presuming that the plaintiff's habeas corpus petition is a civil action over which a federal district court would have original jurisdiction, the plaintiff is not a defendant therein. Rather, he is the petitioner/claimant and has no authority to remove cases under 28 U.S.C. § 1441. Furthermore, even if the petitioner had the authority to remove his case to federal court, he would be required by the statute to remove the matter to the United States District Court for the Southern District of Indiana, in which the Circuit Court of Madison County is located, and is where the "action is pending." Additionally, sections 1404(a), 1406(a), and 1631 of Title 28 provide no remedy for the petitioner to transfer his state habeas corpus matter to this court, as they govern the transfer of matters from one federal district court to another, not from a state court to a federal court in another state.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff may not remove or transfer his state habeas corpus proceeding from the Circuit Court of Madison County, Indiana, to this United States District Court.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's "Motion for 'Actio Damnio Injuria Procedre Torts" (ECF No. 2), and all pending motions herein (ECF Nos. 3, 7, 8, 9, 10, 13, 14, 15, 16, and 17), **DENY** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), and **DISMISS** this matter from the docket of this court.

The petitioner has been repeatedly advised by this court that, because he was not convicted in and is not incarcerated in the Southern District of West Virginia, this United States District Court has no jurisdiction over his custodian or his court of conviction, and the Southern District of West Virginia is not the proper venue to review his claims. Nonetheless, he continues to file frivolous petitions and motions herein and is unnecessarily taxing judicial resources to address matters upon which he can obtain no relief in this court. Accordingly, as has also been recommended in the plaintiff's other cases, it is respectfully **RECOMMENDED** that the presiding District Judge consider imposing a pre-filing injunction prohibiting the petitioner from filing any additional petitions or motions in this court pertaining to his criminal and habeas corpus proceedings in Indiana.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed

Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

July 3, 2018

Dwane L. Tinsley
United States Magistrate Judge